MOBIL OIL CORPORATION, Petitioner,

v.

Nahas FREDERICK, Respondent.

No. C–464.

Supreme Court of Texas.

Sept. 28, 1981.

Rehearing Denied Nov. 4, 1981.

Strasburger & Price, Thomas C. McClellan and Royal H. Brin, Jr., Dallas, for petitioner.

Joe E. Shaddock, Wichita Falls, for respondent.

PER CURIAM.

Respondent Nahas Frederick brought this suit against petitioner Mobil Oil Corporation and L. G. Hogan seeking to recover damages under the Deceptive Trade Practices Act for misrepresentations made by Hogan in connection with repairs on Frederick's car. Frederick sought additional recovery for an assault by Hogan and also sought exemplary damages. The trial court rendered a joint and several judgment against Mobil and Hogan on the jury verdict awarding $9,900 actual damages and $8,000 exemplary damages. Mobil appealed; Hogan did not.

The court of civil appeals concluded that there was no evidence and insufficient evidence to support the jury finding that Hogan was the agent of Mobil at the time the acts complained of by Frederick were performed. That court also sustained three of Mobil's points of error complaining of the exclusion of certain evidence. The trial court's judgment was reversed and the entire cause was remanded for a new trial. 615 S.W.2d 323.

Mobil filed an application for writ of error urging that the court of civil appeals erred in failing to render a take-nothing judgment as to Mobil upon the determination that there was no evidence to support the jury finding on agency. A finding of agency is admittedly essential to Frederick's recovery against Mobil for Hogan's acts.

Rule 434, Tex.R.Civ.Pro., provides in part: When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial.

Under the record before us, none of the exceptions noted in Rule 434 are applicable. Furthermore, there is no indication that the remand ordered by the court of civil appeals was done in the exercise of its discretion to remand in the interest of justice. *Cf. Scott v. Liebman,* 404 S.W.2d 288 (Tex.1966). Frederick did not urge that the evidence was not fully developed or that he had additional evidence to offer on the question of agency. In *Jackson v. Ewton,* 411 S.W.2d 715 (Tex.1967), we held that absent circumstances of additional evidence to be developed or uncertainty of the decree, the appellate court has a duty to render the judgment which the trial court should have rendered. *See Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Yarbrough v. Booher,* 141 Tex. 420, 174 S.W.2d 47 (1943); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361 (1960).

The failure of the court of civil appeals to render judgment for Mobil under this record conflicts with the rule in the above cited cases and Rule 434, Tex.R.Civ.Pro. Pursuant to Rule 483, Tex.R.Civ.Pro., we grant petitioner's writ of error and, without hearing oral argument, we reverse the judgment of the court of civil appeals and render judgment that Nahas Frederick take nothing by his suit against Mobil Oil Corporation. The judgment as to L. G. Hogan is affirmed.