Joseph J. **KISH** and Donna M. Kish, Petitioners,

v.

Todd **VAN NOTE** d/b/a Cowboy Pools, Bank of Dallas, and American Centennial Insurance Company, Respondents.

No. C–2860.

Supreme Court of Texas.

June 19, 1985.

Rehearing Denied July 17, 1985.

**464**

Diamond J. Pantaze, Dallas, for petition-ers.

Calhoun, Spillman & Stacy, Roy L. Stacy, Dallas, J. Harris Morgan and Richard A. Bosworth, Greenville, for respondents.

## ON MOTION FOR REHEARING

GONZALEZ, Justice.

Our opinion and judgment of February 27, 1985 are withdrawn and the following is substituted. The motion for rehearing is granted.

This is an appeal in a suit for damages for violations of the Texas Consumer Credit Code and for treble damages under the Deceptive Trade Practices Act. After a jury trial, the trial court denied recovery under the Consumer Credit Code, allowed a partial recovery under the DTPA, and allowed foreclosure of a lien on the property. In an unpublished opinion, the court of appeals affirmed. We reverse in part the judgments of the courts below and render judgment for petitioners, the Kishes.

Joseph and Donna Kish contracted to have a swimming pool built in their back yard by Todd Van Note d/b/a Cowboy Pools. The price was $5,500 to be paid in full upon completion of the pool. Cowboy Pools had an arrangement with CES Financial to obtain financing for its customers. Before construction began, CES obtained financing for the Kishes through the Bank of Dallas. CES supplied the "Home Improvement Retail Installment Contract and Promissory Note" and the "Mechanics and Materialman's Lien Contract" which were signed by the Kishes and Cowboy Pools. The contract and lien were later assigned to the Bank of Dallas.

The Kishes elected credit life insurance on the note and the premium was added to the amount financed. The bank obtained an insurance policy covering the eight-year term of the installment contract but did not deliver a copy of this policy to the Kishes. The contract failed to disclose that the premium for the credit life insurance was not at a rate fixed or approved by the State Board of Insurance. The following statement was included in boldfaced capital letters at the bottom of the installment contract:

NOTICE—ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF, RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Cowboy Pools began installing a different pool from the one it had contracted to install. Because of poor excavation work, the fiberglass pool cracked during the early stages of construction. Rather than replace the pool, Cowboy Pools attempted several unsuccessful patch jobs. The filter and the other systems were not supplied and the pool was never functional.

The bank paid Cowboy Pools the entire contract price before construction was begun. The Kishes complained repeatedly to Cowboy Pools, CES and the bank. The Kishes made five payments on the contract and refused to pay any more. CES made four payments on the note while it attempted to get Cowboy Pools to correct the problem.

The bank submitted a claim for the default to its insurer, American Centennial Insurance Company. This claim was settled and the installment contract and mechanic's lien were assigned to American.

The Kishes sued Cowboy Pools, the bank and American for alleged violations of TEX.BUS. & COM.CODE ANN. § 17.41 et seq. (the Texas Deceptive Trade Practices Act) and TEX.REV.CIV.STAT. Ann. art. 5069 (the Texas Consumer Credit Code). Cowboy Pools did not file an answer. Both the bank and American denied liability. American also counterclaimed against the Kishes for amounts allegedly due under the installment contract and for foreclosure of the mechanic's lien.

The jury found every submitted issue in favor of the Kishes. Among other things,

the jury found that Cowboy Pools failed to perform the work in a good and workmanlike manner and failed to fulfill its one-year guarantee against defects. The jury also found that the pool was not merchantable and that the sale of the pool constituted an unconscionable action. As to damages, the jury found in special issue No. 10 that:

(A) The difference between the value received and the price paid for the swimming pool was $1500.

(B) The cost of removing the pool and restoring the Kishes' back yard to its original condition would be $4000.

(C) The cost of removing the mechanic's lien from the real property owned by the Kishes would be $8,000.

In addition, the jury found that Cowboy Pools had failed to complete the swimming pool in accordance with the contract; that Cowboy Pools and the bank failed to obtain a certificate of completion; that Cowboy Pools failed to disclose to the Kishes that the credit life insurance premium was at a rate not fixed or approved by the State Board of Insurance; and that neither Cowboy Pools nor the bank delivered the credit life insurance policy to the Kishes within 45 days after it was issued.

After disregarding parts (B) and (C) of issue No. 10, the trial court offset the Kishes' recovery against American's recovery, rendered judgment for the Kishes against Cowboy Pools for $3,000, rendered judgment for American on its counterclaim against the Kishes for $4,332.77, awarded the Kishes $1,600 "net" attorney's fees against Cowboy Pools and American, and directed that the $1,600 be credited and offset against the $4,332.77 awarded American. The court also granted American foreclosure of its mechanic's lien on the Kishes' homestead to the extent of its net judgment against the Kishes. Finally, the court denied all other relief and taxed costs "against the party incurring same." The court of appeals affirmed this judgment. On appeal, the Kishes contend that the trial court judgment was inadequate.

## DAMAGES RECOVERABLE UNDER THE DTPA

The Kishes maintain that they are entitled to recover the following elements of damages for DTPA violations:

(A) treble their actual damages of payments on the contract;

(B) consequential damages for removing the worthless pool;

(C) cancellation of the lien and indebtedness; and

(D) reasonable attorney's fees.

■ The object of awarding a plaintiff recovery is to compensate for the actual loss sustained as a result of the defendant's conduct. The DTPA embraces this concept by permitting the injured consumer to recover the greatest amount of actual damages alleged and factually established to have been caused by the deceptive practice, including related and reasonably necessary expenses. *Building Concepts, Inc. v. Duncan*, 667 S.W.2d 897, 901 (Tex.Civ. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Woo v. Great Southwestern Acceptance Corp.*, 565 S.W.2d 290, 298 (Tex. Civ.App.—Waco 1978, writ ref'd n.r.e.). The Act itself states in section 17.43 that the remedies provided therein "are in addition to any other procedures or remedies provided for in any other law." Section 17.44 provides that the Act shall be "liberally construed and applied to promote its underlying purposes," which are to protect consumers from the false, misleading, and deceptive business practices it condemns. The amount of actual damages recoverable under the DTPA is determined by the total loss sustained as a result of the deceptive trade practice. *Smith v. Baldwin*, 611 S.W.2d 611, 617 (Tex.1980). While the Act does not define "actual damages," the term has been construed to mean common law damages. *Brown v. American Transfer and Storage Company*, 601 S.W.2d 931, 939 (Tex.1980).

■ If the jury verdict contains more than one acceptable measure of damages, a plaintiff may be forced to elect prior to judgment the recovery he wants by waiv-

ing the surplus findings with respect to the damages. TEX.R.CIV.P. 440; *Butler v. Joseph's Wine Shop, Inc.*, 633 S.W.2d 926, 933 (Tex.Civ.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The Kishes attempted to make such an election when they filed their Motions to Disregard Jury Finding and Motions for Judgment. The trial court erred in denying these motions.

## CONSUMER CREDIT CODE VIOLATIONS

The Kishes maintain that the trial court judgment was inadequate in that it denied them relief pursuant to the Consumer Credit Code for statutory penalties and attorney's fees. They contend that liability arose as a result of Cowboy Pools' failure to obtain a certificate of completion, failure to disclose that the credit life insurance was procured at a premium or rate not fixed or approved by the State Board of Insurance, and failure to deliver the credit life insurance policy to the Kishes within 45 days after the policy's issuance. The Kishes have preserved their right to recover under the Consumer Credit Code only as to Cowboy Pools.

 The courts below held that recovery under the DTPA precluded recovery based upon any other legal theory. We disagree. Recovery under the DTPA is, as a general rule, cumulative rather than mutually exclusive of other available remedies. (See section 17.43 of the DTPA.) Simultaneous recovery under the DTPA and the Texas Consumer Credit Code is allowed. *Jim Walter Homes, Inc. v. White*, 617 S.W.2d 767, 773 (Tex.Civ.App.—Beaumont 1981, writ ref'd n.r.e.) The Kishes are therefore entitled by the provisions of the Consumer Credit Code to recover a statutory penalty from from Cowboy Pools in addition to their DTPA damages.

 American asserts that there was no evidence that the installment contract violated article 5069–6.04(3) of the Consumer Credit Code which required disclosure of the fact that the credit life insurance was procured at a premium or rate not fixed or

approved by the State Board of Insurance. American specifically maintains that the Kishes offered no evidence to prove what the applicable premium or rate was. Texas courts are required to take judicial notice of the public statutes of this state. *Evans v. American Publishing Co.*, 118 Tex. 433, 13 S.W.2d 358, 361–362 (1929). Because it is evident from the face of the contract that the required disclosure was not made in this case, the contract was in violation of the statute as a matter of law.

The Consumer Credit Code includes a provision prohibiting waiver of the penalties contained therein. TEX.REV.CIV. STAT.ANN. art. 5069–7.10. Article 5069–8.01 of the Code assesses the penalty for a violation as:

> "twice the time price differential or interest contracted for, charged or received but ... not to exceed $4,000 in a transaction in which the amount financed is in excess of $5,000 and reasonable attorneys' fees fixed by the court."

Thus, the Kishes are entitled to recover a $4,000 penalty from Cowboy Pools for Consumer Credit Code violations.

## AMERICAN'S COUNTERCLAIM ON THE INSTALLMENT CONTRACT

██ The Kishes urge this court to reverse the judgment in favor of American on the installment contract because the evidence and the jury verdict both establish as a matter of law that there was a failure of consideration on the contract. It was incumbent on the Kishes to plead and prove failure of consideration. TEX.R.CIV.P. 94. The requisite verified pleading is contained in the transcript. While there is ample evidence that the pool was worthless, the record contains no evidence that the pool had value in its present condition. Failure of consideration was therefore established as a matter of law.

In any event, the uncontroverted evidence shows that neither the bank nor its insurance company qualified as a holder in due course. Furthermore, the installment contract provides on its face that the holder

thereof (American) takes subject to all claims and defenses that the Kishes have against Cowboy Pools. The Kishes should therefore have been awarded recovery on their claims and American should have been denied recovery on its claim. However, the various damages must be apportioned among the defendants according to their respective liability.

■ Cowboy Pools violated both the Deceptive Trade Practices Act and the Consumer Credit Code. It is therefore liable for *treble* the actual damages sustained by the Kishes as a result of its deceptive act. Judgment in the amount of three times the cost of removing the pool and restoring the Kishes' back yard ($4,000), plus three times the amount necessary to remove the lien from the Kishes' property ($8,000), plus three times the amount the Kishes had already paid on the pool ($504.30), for a total of $37,512.90 shall be rendered against Cowboy Pools. In addition, a $4,000 statutory penalty shall be assessed against Cowboy Pools for its Consumer Credit Code violation. The trial court found that the Kishes incurred reasonable attorney's fees totalling $14,000 up through the trial of their lawsuit, 75% of which arose as a result of the DTPA action and 25% of which arose as a result of the Consumer Credit Code action. Cowboy Pools shall be responsible for these attorney's fees.

Neither American nor the bank violated the Deceptive Trade Practices Act. We need not address the bank's potential liability for Consumer Credit Code violations because the Kishes did not properly preserve this point. However, the bank did incur contractual liability limited in scope to the sum the Kishes paid it under the installment contract ($504.30). The bank is also jointly liable for the attorney's fees

found by the trial court to be reasonable for the appeal of this case.

American sued the Kishes for foreclosure on the lien. We render a take nothing judgment as to American on this claim and cancel the lien for two reasons: (1) the note is not supported by consideration; and (2) American's right to recover on the note is, by the terms of that note, made expressly subject to the claims the Kishes could assert against Cowboy Pools. In addition, American is jointly liable for the attorney's fees awarded for the appeal of this case.

Thus, we reverse in part the judgments of the courts below and render judgment for the Kishes against Cowboy Pools as follows:

(1) treble the amount of damages awarded by the jury for removing the pool ($4,000 x 3);

(2) treble the amount the Kishes paid on the installment contract ($504.30 x 3) [1];

(3) treble the amount of damages awarded by the jury for removing the lien from the Kishes' property ($8,000 x 3) [2];

(4) a $4,000 statutory penalty for violations of the Consumer Credit Code; and

(5) attorney's fees of $14,000 for pre-trial services and the trial of this case.

We render judgment for the Kishes against the bank as follows:

(1) the amount the Kishes paid on the installment contract ($504.30) [1]; and

(2) attorney's fees of $5,400 for the appeal of this case.

We render judgment for the Kishes against American as follows:

---

**1.** Cowboy Pools and the bank are jointly and severally liable for the first $504.30. The Kishes can recover no more than a total of $1,512.90 for this element of damages. Thus, if the Kishes recover $504.30 from the bank, they can only recover $1,008.60 ($504.30 x 2) from Cowboy Pools. Conversely, if they recover $1,512.90 ($504.30 x 3) from Cowboy Pools, they cannot recover anything for this element of damages from the bank.

(1) the $8,000 lien on the Kishes' property is cancelled and the foreclosure set aside;[2] and

(2) attorney's fees of $5,400 for the appeal of this case.

We hold that Cowboy Pools and American are jointly and severally liable for the $8,000 offset necessary to cancel the lien on the Kishes' property. The Kishes are entitled to an additional $16,000 judgment against Cowboy Pools alone under the trebling provision of the DTPA. Likewise, the bank and Cowboy Pools are jointly and severally liable for the first $504.30 awarded the Kishes to compensate them for payments they had already made on the installment contract. To the extent the Kishes are entitled to statutory trebling of that sum, they may recover an additional $1,008.60 from Cowboy Pools. Finally, the bank and American are jointly and severally liable for the attorney's fees awarded the Kishes on appeal.

2. Cowboy Pools and American are jointly and severally liable for the first $8,000 in offset/damages necessary to cancel the lien. The Kishes cannot recover more than a total of $24,000 for this element of damages. Thus, if the Kishes choose to obtain cancellation of the lien, they can recover no more than $16,000 ($8,000 x 2) from Cowboy Pools. Conversely, if the Kishes recover a full $24,000 ($8,000 x 3) from Cowboy Pools, they must pay American $8,000 in order to obtain cancellation of the lien.