### W.O. BANKSTON NISSAN, INC., Petitioner,

v.

### Kelly Joe WALTERS, Respondent.

### No. C–6531.

Supreme Court of Texas.

May 11, 1988.

Rehearing Denied July 13, 1988.

Nathan K. Griffin, Thomas, Neilon & Griffin, P.C., Dallas, for petitioner.

Tom S. McCorkle, McCorkle & Westerburg, P.C., for respondent.

WALLACE, Justice.

This is a Deceptive Trade Practices Act case arising out of the purchase of a pickup truck by Kelly Joe Walters from W.O. Bankston Nissan, Inc. The trial court entered judgment n.o.v. that Walters take nothing. The court of appeals, in an unpublished opinion, reversed the trial court's judgment and rendered judgment on the jury verdict. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Walters contacted his friend Buddy Wood, who was a salesman for Bankston, to discuss trading in his 280–ZX for a pickup truck. Walters test drove the pickup in question and agreed to purchase it. He and Wood agreed upon a trade-in value of $7,700 for the 280–ZX. Wood prepared a Workup Sheet which showed the pickup to be a 1982 model. He also prepared an Odometer Statement and a Warranty Sheet, both of which showed the pickup to be a 1981 model. Walters took possession of the pickup and Bankston took possession

of the 280–ZX and sold it for $7,700, the value agreed upon by Wood and Walters. Bankston then paid off the $5,832.01 balance owed by Walters on the 280–ZX.

Several days later, Walters experienced mechanical difficulty with the pickup and returned it to Bankston, who repaired the problem at no cost. Walters subsequently experienced additional problems with the pickup. During this time, Walters' Credit Union notified him that the truck was a 1981 model, not a 1982 model, and that it would not finance the truck. Walters then demanded that Bankston take back the pickup and return his 280–ZX. He was informed that the 280–ZX had been sold and was offered the difference between the $7,700 agreed value and the loan balance Bankston had paid. Walters refused and filed suit.

The jury found that Bankston represented that the pickup was a 1982 model; that the misrepresentation was a producing cause of actual damages; that the actual damages included loss of the 280–ZX; and that the 280–ZX had a fair market value of $9,800 on the date of the sale. No other damage issues were submitted. Bankston objected to the submission of the above issues, asserting that the issues did not present a proper measure of damages.

The dispositive issue in this case is the correct measure of damages. In a DTPA case, the plaintiff is entitled to actual damages. TEX.BUS. & COMM.CODE § 17.50(b)(1). This court has defined actual damages as those recoverable at common law. *Farrell v. Hunt,* 714 S.W.2d 298, 300 (Tex.1986); *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 939 (Tex. 1980). Under common law, there are two measures of damages for misrepresentation: (1) the "out of pocket" measure, which is the "difference between the value of that which was parted with and the value of that which was received"; and (2) the "benefit of the bargain" measure, which is the difference between the value as represented and the value actually received. The DTPA permits a plaintiff to recover either the "out of pocket" or the "benefit of the bargain" damages, which-

ever is greater. *Leyendecker & Associates, Inc. v. Wechter,* 683 S.W.2d 369, 373 (Tex.1984); *Sobel v. Jenkins,* 477 S.W.2d 863 (Tex.1972); *Chrysler Corp. v. Schuenemann,* 618 S.W.2d 799, 805 (Tex.Civ.App. —Houston [1st Dist.] 1981, writ ref'd n.r. e.); *Smith v. Kinslow,* 598 S.W.2d 910, 912 (Tex.Civ.App.—Dallas 1980, no writ); *Jack Criswell Lincoln–Mercury, Inc. v. Haith,* 590 S.W.2d 616 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). See, *Vista Chevrolet, Inc. v. Lewis,* 709 S.W.2d 176 (Tex.1986).

Walters' burden of proof in this case was to show either the difference between the fair market value of the pickup as delivered and the value of the truck as it was represented; or the difference in value between that with which he parted and that which he received. He did neither. Walters had the burden of requesting jury issues on the proper measure of damages. Having failed to do so, his cause of action must fail.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.

ROBERTSON, J., not sitting.

MAUZY, Justice, concurring on Motion For Rehearing.

I concur in the result reached by the majority. I would however like to add that in cases brought under the Deceptive Trade Practices–Consumer Protection Act, Tex. Bus. & Com.Code Ann. § 17.41 et seq. (Vernon 1987), damages are recoverable "to compensate for the actual loss sustained as a result of the defendant's conduct." *Kish v. Van Note,* 692 S.W.2d 463, 466 (Tex. 1985). I would further note that under the facts of this case, either an "out of pocket" or "benefit of the bargain" measure of damages was appropriate. Nevertheless, as this court held in *Kish,* the "out of pocket" and "benefit of the bargain" rules are not the exclusive means of measuring damages in a DTPA action. 692 S.W.2d at 466. The allowable measure of damages may appropriately include related and necessary expenses that are incurred after the deceptive act or practice has become appar-

ent, and the measure of damages under either the "out of pocket" or "benefit of the bargain" theory should in no way be read as exclusive.

Chief Justice Phillips joins in this Concurring Opinion on Rehearing.