**Jerry ODOM, Individually and d/b/a Odom Investments, Inc., Appellant,**

v.

**Sam MERAZ and Carol Meraz, Appellees.**

**No. 08–90–00247–CV.**

Court of Appeals of Texas, El Paso.

May 8, 1991.

Rehearings Overruled June 26 and July 3, 1991.

Michael R. Milligan, El Paso, for appellant.

Jerry Severson, Susan Larsen, El Paso, for appellees.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

FULLER, Justice.

In a Deceptive Trade Practices Act lawsuit arising out of the sale and purchase of real estate, Sam and Carol Meraz recovered judgment against the seller. We reverse and render.

Jerry Odom (through Odom Investments, Inc.) sold Sam and Carol Meraz (owners of Meraz Builders, Inc.) three lots. One was an improved lot which had on it an approximately sixty-year-old home in need of com-

plete remodeling. The purchase price of the house and the two adjacent lots was $135,000.00. In order to pay the purchase price and do the necessary remodeling, the Merazes borrowed from a lending institution $175,000.00 and $40,125.00. The Merazes contracted to sell the property, and asserted this was when they first discovered that the house was not entirely on their property because one wall of the house encroached on adjoining property. They contend in this lawsuit they lost the sale of the house because of the encroachment and that the Appellant was aware of the encroachment defect but had failed to inform them. In addition, the Merazes asserted that at the time of sale, Odom had represented the house to be worth $258,000.00 (after remodeling) but yet he had an undisclosed appraisal which valued the property at $229,000.00. The Merazes sought damages alleging fraud and violations of the Texas Deceptive Trade Practices Act.

The jury found that Jerry Odom and Odom Investments, Inc. (1) failed to disclose information to the Merazes which he was aware of at the time of the transaction; (2) such failure to disclose was to induce the Merazes into the transaction which the Merazes would not have entered into had the information been disclosed; and (3) the failure to disclose was a producing cause of damage to the Merazes.

The jury awarded *actual damages* to the Merazes in the amount of *$42,000.00*. In addition the jury awarded attorney's fees up through the trial court and conditionally awarded attorney's fees in the event of appeal.

The trial court entered judgment for Sam and Carol Meraz against Jerry Odom and Odom Investments, Inc., jointly and severally, in the total amount of *$145,190.00* plus costs and interest.

Point of Error No. Four asserts there was no evidence of fraud and therefore the issue should not have been submitted.

Point of Error No. Five asserts there was insufficient evidence to support the jury finding of fraud.

Points of Error Nos. Six and Seven contend there was insufficient evidence to support the jury finding of unconscionability and fraud.

■ The standard of review for factual insufficiency points is whether, after reviewing all the evidence, there is some evidence to support the jury's finding. *Cain v. Bain*, 709 S.W.2d 175 (Tex.1986). If there is any evidence of probative force to support the finding of the jury, the finding must be upheld. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951).

On review of the entire record, we find that there was sufficient evidence to support the jury's findings as to fraud, misrepresentation and unconscionability.

### POINT OF ERROR RELATING TO ACTUAL DAMAGES

Point of Error No. One asserts there was no evidence to support the $42,000.00 actual damages based upon a proper damage theory and therefore the damage question should not have been submitted.

The jury made affirmative findings as to the two DTPA causes of action (misrepresentation and unconscionability) and the fraud issue. They made negative findings as to all other claims.

Therefore, the only issues for review are directly related to the *actual sales transaction* of the property by Odom and Odom Investments, Inc. to Sam and Carol Meraz. **We must decide what was the proper measure of damages and whether under that proper measure of damages there was any evidence to support the jury finding.**

Specifically, the jury found that Odom and Odom Investments, Inc. by knowingly failing to disclose information *with the intent to induce the Merazes into a transaction* was responsible for producing actual damages to the Merazes. They also found that Odom and Odom Investments, Inc. acted in a knowingly unconscionable manner *regarding the sale of the property* which constituted a producing cause of actual damages. Fraud on the Odom's part was found to be a proximate cause of actual

damages. The damage question was broadly submitted to the jury:

> **What sum of money, if paid now in cash, do you find from a preponderance of the evidence, would fairly and reasonably compensate Sam Meraz and Carol Meraz for their <u>ACTUAL</u> damages, if any?** (Emphasis added).

.    .    .    .    .

**ANSWER: $42,000**

A consumer who prevails in a DTPA cause of action is entitled to actual damages found by the trier of fact. Tex.Bus. & Com.Code Ann. § 17.50(a) and (b) (Vernon 1987 and Supp.1991).

*Actual damages* have been defined as those types of damages available under common law. *Kish v. Van Note,* 692 S.W.2d 463 (Tex.1985).

■ Recovery for damages under DTPA in real estate may be found under direct economic loss and/or consequential economic loss. Under misrepresentation and unconscionability, the direct economic loss at common law is the "out of pocket" expenses, where, in Texas, the statutory measure is "benefit of the bargain." Tex.Bus. & Com.Code Ann. § 27.01 (Vernon 1987); *Johnson v. Willis,* 596 S.W.2d 256 (Tex.Civ. App.—Waco), *writ ref'd n.r.e., per curiam,* 603 S.W.2d 828 (Tex.1980); *W.O. Bankston Nissan, Inc. v. Walters,* 754 S.W.2d 127 (Tex.1988); *Leyendecker & Associates, Inc. v. Wechter,* 683 S.W.2d 369 (Tex.1985).

■ The object of awarding a plaintiff recovery is to compensate for the actual loss sustained as a result of the defendant's conduct. *Kish v. Van Note,* 692 S.W.2d 463 (Tex.1985). The amount of actual damages recoverable under DTPA is determined by the total loss sustained as a result of the deceptive trade practice. *Smith v. Baldwin,* 611 S.W.2d 611 (Tex. 1980).

"*Actual damages,* though it is not defined in the DTPA, has been construed to mean common law damages. *Brown v. American Transfer and Storage Company,* 601 S.W.2d 931 (Tex.1980). The DTPA allows recovery for the greatest amount of "*actual damages*" alleged and factually established to have been caused by the deceptive practice. *Kish,* 692 S.W.2d 463; *Woo v. Great Southwestern Acceptance Corporation,* 565 S.W.2d 290 (Tex.Civ.App. —Waco 1978, writ ref'd n.r.e.).

■ In addition to the direct economic loss, consequential damages may be recovered. *But, consequential damages are classed as special damages and <u>MUST BE PLEADED AND PROVED SEPARATELY, THEREFORE NECESSITATING SUBMISSION OF JURY QUESTIONS SEPARATELY.</u>* The Merazes failed to separately submit consequential damages questions and instead submitted the global question as to *actual damages.*

As stated in the cases of *W.O. Bankston Nissan, Inc. v. Walters,* 754 S.W.2d 127 (Tex.1988); *Leyendecker & Associates, Inc. v. Wechter,* 683 S.W.2d 369 (Tex.1985).

> The "out of pocket" measure of damages is the "difference between the value of that which was parted with and the value of that which was received" at the time of the transaction.
>
> The "benefit of the bargain" measure of damages is the "difference between the value represented and value actually received."
>
> The DTPA allows recovery of damages either for the "out-of-pocket" or the "benefit of the bargain" damages, whichever is greater.
>
> The "out of pocket" measure of damages is calculated as of the time of the transaction between the parties.

■ In deciding a "no evidence" point, the Court is to consider only the evidence and reasonable inferences therefrom which viewed in its most favorable light supports the jury finding and to disregard all contrary or conflicting evidence. *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981).

In reviewing the evidence presented, the record reflects:

(1) The price paid by the Merazes for the house plus the lots on which it sits was $135,000.00; the two additional lots were purchased for $40,125.00.

(2) The entire basis of the Meraz' lawsuit was the discovery that the house they bought actually encroached on adjacent property resulting in monetary damages to them.

But there is no evidence in the record establishing the difference between:

(a) the price paid for the house

and

(b) the value of the house when it was received (out of pocket);

OR

(a) the value of the house as it was represented

and

(b) the value of the house as it was actually received (benefit of the bargain).

An example of the proper form of jury question pertaining to damages under the *"benefit of the bargain"* theory of recovery would be:

Answer in dollars and cents, if any:

The difference, if any, in the value of real estate as it was received and the value it would have had if it had been as represented. The difference in value, if any, shall be determined at the time and place where the realty was received.

**ANSWER:** $____.

As to the *"out of pocket"* theory, the damage question should be:

Answer in dollar and cents, if any:

The difference, if any, in the value of the realty; as it was received and the price [plaintiff] paid [or value of that which plaintiff parted with] for it. The difference in value, if any, shall be determined at the time and place where the realty was received.

**ANSWER:** $____.

The Merazes say that the encroachment clouded the title to the property but they have failed to produce any evidence to establish actual damages or loss in value of the property in relation to the date of purchase.

At trial, the only evidence the Merazes produced to substantiate damages concerned the loss of a proposed sale of the house, after improvements had been made, approximately two years after the date of purchase. Sam Meraz' testimony indicates what cause of action for damages he was pursuing when he was asked:

Q (BY MR. MILLIGAN): Is it your testimony that they [Odom, Odom Investments, Inc. and Hanson] misrepresented to you because they said that your house would be worth 258 [$258,000.00] after you bought it and after you built the house and finished it?

A: **YES.** (Emphasis added.)

For there to be any actual damages recoverable under the DTPA there must have been evidence showing the amount of actual damages that occurred at the time of purchase; not after the improvements had been made on the property resulting in a sale falling through more than two years later.

*The Merazes did not offer any evidence as to the "benefit of the bargain" or "out of pocket" measure of damages at the time the transaction with Appellant was closed.*

Even if there had been a representation and/or misrepresentation that the value of the property would be $258,000.00, *sometime in the future*, after improvements had been made this would not be evidence under the DTPA cause of action that would support the actual damage awarded by the jury. The reasoning is that this does not constitute evidence of the difference between the purchase price of the property at closing (without the impediment of encroachment) and the actual value of the property as received by the Merazes (burdened with the encroachment).

No limiting instructions as to damages were given by the trial court and no consequential damage questions were submitted by the Merazes.

The Appellees' judgment must be reversed. It was Appellees' burden to offer proper proof to support their DTPA claim and *there is no evidence in the record concerning the difference between the purchase price of the realty and its actual value as received by Sam and Carol Meraz.*

**246**

As to consequential damages, there was no evidence presented as to the amount of principal and interest paid on the loan that was obtained to buy the property or the amount expended on improvements. No jury questions nor instructions were submitted as to consequential damages.

Point of Error No. One is sustained.

In view of our sustaining the challenge of the no evidence to justify the actual damage awarded, we find it unnecessary to address the remaining points of error.

We reverse the judgment of the trial court and render judgment that Sam Meraz and Carol Meraz take nothing against the Appellant.