**HENRY S. MILLER COMPANY,
Petitioner,**

v.

**Douglas S. BYNUM, Jr. and Starfire
Engineering, Inc. d/b/a Tiffany's
Hair Styles, Respondents.**

No. D–0494.

Supreme Court of Texas.

July 1, 1992.

Rehearing Overruled Oct. 7, 1992.

Joseph O. Slovacek, Kurt J. Svendson, Houston, James P. Wallace, Austin, for petitioner.

George M. Bishop, Joseph M. Nixon, Houston, for respondents.

## OPINION

COOK, Justice.

This case presents two questions: (1) whether there was good cause to permit a named individual party to testify at trial when the party was not listed in response to a discovery request for disclosure of witnesses; and (2) whether the evidence supported the damages awarded. We hold that the trial judge did not abuse his discretion in finding there was good cause sufficient to require admission and that there was some evidence to support the award of damages.

Douglas Bynum, Jr. and Starfire Engineering, Inc. d/b/a Tiffany's Hair Styles leased space in the Wood Winds Shopping Center for a hair-styling salon. Henry S. Miller Co., was a leasing agent for the shopping center and handled Bynum's lease. After Bynum moved into the shopping center, the leased space did not conform to Bynum's expectations so he brought this action against Henry S. Miller Co.[1] alleging violations of the Deceptive Trade Practices Act (DTPA). Tex.Bus. & Com.Code §§ 17.41–.63. After a trial to the court, the court rendered judgment in favor of Bynum for $60,426 actual damages and $120,852 additional damages. The court of appeals affirmed. 797 S.W.2d 51.

Miller argues that Bynum was improperly allowed to testify at trial because Bynum was not listed in response to Miller's interrogatory. Miller served Bynum with an interrogatory which included the following question:

4. Please state the identity and location (name, address and telephone number) of each potential party or witness and of each person, whether or not an expert, who has any knowledge of facts or discoverable matters, whether or not admissible, that are or may be relevant to any issues in this lawsuit.

Bynum did not respond to the interrogatory. Bynum was not the only witness that was not named. In addition to himself, Bynum called three unlisted fact witnesses and an unlisted expert witness.

At trial, Miller objected to Bynum's testimony on the ground that Bynum was not disclosed in response to discovery requests. Bynum's counsel stated that he did not respond to the interrogatories because Bynum had been deposed shortly after Bynum received Miller's interrogatories. Bynum sought to testify as a fact witness and as an expert witness. The trial court allowed Bynum to testify as a fact witness regarding facts that were disclosed in his deposition. However, the trial court found that there was no good cause to permit Bynum to testify as an expert witness. Additionally, the trial court did not allow any witnesses other than Bynum to testify because Bynum did not disclose any witnesses and there was no showing of good cause.[2]

On appeal, Miller challenged the admission of Bynum's testimony as a fact witness. Bynum did not challenge the exclusion of his testimony as an expert or the exclusion of his other witnesses. The court of appeals affirmed the trial court's admission of Bynum's testimony as a fact witness. The court held that even though the trial court did not make an express finding of good cause permitting Bynum to testify as a fact witness, Bynum showed good cause on the record: (1) Miller had deposed Bynum; and (2) Bynum's trial testimony was limited to the scope of the deposition; and (3) Bynum was a named party to the

1. Bynum also sued Richard E. Dover, John Riddle Interests, and John C. Riddle, alleged owners of the Wood Winds Center. Dover was dismissed prior to trial. Judgment was rendered against the other co-defendants jointly and severally with Miller. Only Miller appealed.

2. The trial court did allow limited rebuttal testimony by Mrs. Bynum even though she was not named in response to the interrogatory.

**162**

suit so he would obviously be the principal witness at trial.

## I.

 Texas Rule of Civil Procedure 215(5) provides that a witness who is not disclosed in response to a discovery request may not testify at trial "unless the trial court finds that good cause sufficient to require admission exists." TEX.R.CIV.P. 215(5); *Alvarado v. Farah Manuf. Co., Inc.*, 830 S.W.2d 911 (Tex.1992). Good cause is the only exception to the automatic sanctions of Rule 215(5). *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 395 (Tex.1989). Therefore, a party must be named in response to an appropriate interrogatory unless there is a showing of good cause. *Smith v. Southwest Feed Yards*, 835 S.W.2d 89, 90 (Tex.1992).

We held in *Smith* that good cause may exist to allow testimony of a party witness "when identity is certain and when his or her personal knowledge of relevant facts has been communicated to all other parties, through pleadings by name and response to other discovery at least thirty (30) days in advance of trial." 835 S.W.2d at 91. In *Sharp v. Broadway National Bank*, 784 S.W.2d 669, 671 (Tex.1990), we held that the fact that a witness had been deposed does not in itself constitute good cause. We affirmed that language in *Smith*. 835 S.W.2d at 91. In this case, however, there is an additional factor: the witness deposed was the only individual named party. Although neither status as a party nor the fact of a deposition are independently sufficient to establish good cause, under the *Smith* standard, these factors may combine to satisfy the good cause requirement.

We look with disfavor on the failure of Bynum's counsel to answer the interrogatories after repeated attempts by Miller to obtain answers. The record indicates that Bynum was notified three times that he had not answered the interrogatories and that answers were expected. On these facts, a trial judge certainly has the discre-tion to impose sanctions for discovery abuse. TEX.R.CIV.P. 215(3). However, we cannot say that the trial judge abused his discretion in this case when he allowed Bynum to testify and limited Bynum's testimony to the facts disclosed in the deposition.

## II.

 Miller argues that Bynum offered no evidence to support an out-of-pocket or benefit-of-the-bargain measure of damages. *See W.O. Bankston Nissan, Inc. v. Walters*, 754 S.W.2d 127, 128 (Tex.1988) (out-of-pocket and benefit-of-the-bargain are two measures of damages under the DTPA). However, the DTPA allows recovery for actual damages. TEX.BUS & COM.CODE § 17.50(b)(1). This court has defined actual damages under the DTPA as "the total loss sustained [by the consumer] as a result of the deceptive trade practice." *Kish v. Van Note*, 692 S.W.2d 463, 466 (Tex.1985); *Smith v. Baldwin*, 611 S.W.2d 611, 617 (Tex.1981). Actual damages "includ[e] related and reasonably necessary expenses." *Kish*, 692 S.W.2d at 466; *see also* DAVID F. BRAGG, PHILIP K. MAXWELL, JOE K. LONGLEY, TEXAS CONSUMER LITIGATION § 8.03 (2d ed. 1983 & Supp.1992). Therefore, such direct measures as "benefit-of-the-bargain" and "out-of-pocket"[3] are not exclusive. We have permitted other damages to ensure that the plaintiff is made whole. *See Kish*, 692 S.W.2d at 466–68 (damages for removing defective product); *White v. Southwestern Bell Telephone Co.*, 651 S.W.2d 260 (Tex.1983) (lost profits); *Smith v. Baldwin*, 611 S.W.2d 611, 617 (Tex.1981) (interest on indebtedness); *see also Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex.1981) (loss of credit); *Village Mobile Homes, Inc. v. Porter*, 716 S.W.2d 543 (Tex.App.—Austin 1986, writ ref'd n.r.e.) (loss for improvements made).[4]

One element of the damages Bynum pleaded for was $60,426.00 in lost capital investment. The trial court awarded $60,-

3. *E.g., W.O. Bankston Nissan*, 754 S.W.2d at 128; *Farrell v. Hunt*, 714 S.W.2d 298, 300 (Tex.1986); *Brown v. American Transfer & Storage Co.*, 601 S.W.2d 931, 939 (Tex.1980).

4. *See also* DAN B. DOBBS, REMEDIES § 9.2 (1973); WILLIAM PROSSER & W. PAGE KEETON, THE LAW OF TORTS § 110 (5th ed. 1984).

426.00 in actual damages. Miller's no evidence point challenging these damages contended that the exclusive measures of actual damages under the DTPA are the out-of-pocket and benefit-of-the-bargain measures. Miller's no evidence challenge fails because these measures are not exclusive. Further, even if Miller raised a general no evidence challenge to the damages award, the record contains some evidence to support the trial court's award of these damages to Bynum as part of the actual loss he sustained.

### III.

The judgment of the court of appeals is affirmed.

PHILLIPS, C.J., concurs with opinion in which GONZALEZ, J., joins.

HECHT and CORNYN, JJ., dissent with opinions.

PHILLIPS, Chief Justice, concurring.

I concur in the Court's judgment, but I write separately to emphasize the distinction between direct and consequential damages as separate types of actual damages under the Texas Deceptive Trade Practices Act ("DTPA"), Tex.Bus. & Com.Code § 17.41, *et seq.*

Under the DTPA, damages to a successful plaintiff should compensate for the actual loss sustained as a result of the defendant's conduct. *Kish v. Van Note,* 692 S.W.2d 463, 466 (Tex.1985). Although we have never expressly stated the elementary rule that consequential damages are a form of actual damages under the DTPA, we have implicitly recognized this proposition by our consistent holdings that "actual damages" are those damages recoverable at common law. *See, e.g., W.O. Bankston Nissan, Inc. v. Walters,* 754 S.W.2d 127, 128 (Tex.1988); *Farrell v. Hunt,* 714 S.W.2d 298, 300 (Tex.1986); *Brown v. American Transfer & Storage Co.,* 601 S.W.2d 931, 939 (Tex.), *cert. denied,* 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980).

At common law, actual damages can be either "direct" or "consequential." *See generally, Nobility Homes of Texas, Inc. v. Shivers,* 557 S.W.2d 77, 78 n. 1 (Tex. 1977); Dan B. Dobbs, *The Law of Remedies* § 9.2 (1973). "Direct damages," also known as "general damages," compensate for the loss, damage or injury that is conclusively presumed to have been foreseen or contemplated by the party as a consequence of his breach of contract or wrongful act. *Id.* For misrepresentation, there are two recognized measures of direct damages. The "out of pocket" measure, which operates on a restitutionary theory, measures the difference between the value of that which was parted with and the value of that which was received. The "benefit of the bargain" measure, which utilizes an expectancy theory, evaluates the difference between the value as represented and the value actually received. *W.O. Bankston Nissan,* 754 S.W.2d at 128; *Leyendecker & Assoc. v. Wechter,* 683 S.W.2d 369, 373 (Tex.1984). *See* Dan B. Dobbs, *The Law of Remedies* § 9.2 (1973); J.F. Rydstrom, Annotation, *"Out of Pocket" or "Benefit of Bargain" as Proper Rule of Damages for Fraudulent Representations Inducing Contract for the Transfer of Property,* 13 A.L.R.3d 875 (1967). The DTPA allows the injured consumer to recover either the "out of pocket" measure or the "benefit of the bargain" measure of damages, whichever is greater. *W.O. Bankston Nissan,* 754 S.W.2d at 128.

On the other hand, "consequential damages," also known as "special damages," are those damages which result naturally, but not necessarily, from the acts complained of. Dan B. Dobbs, *The Law of Remedies* § 9.2 (1973). Under the common law, they are not recoverable unless the defendant had notice that the plaintiff would suffer such damages. *Mead v. Johnson Group, Inc.,* 615 S.W.2d 685, 687 (Tex.1981) (citing *Hadley v. Baxendale,* 9 Exch. 341, 354 (1854)). Even though the notice or foreseeability requirement may not be necessary under the DTPA, *see, e.g., Metro Ford Truck Sales, Inc. v. Davis,* 709 S.W.2d 785, 793 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *Riojas v. Lone Star Gas Co.,* 637 S.W.2d 956, 959 (Tex.App.—

Fort Worth 1982, writ ref'd n.r.e.), if the damages are too remote, too uncertain, or purely conjectural and speculative, they cannot be recovered. *See White v. Southwestern Bell Telephone Co., Inc.,* 651 S.W.2d 260 (Tex.1983). A consumer may recover consequential damages under the DTPA for a variety of injuries, including, but not limited to, lost profits, *White,* 651 S.W.2d 260, loss of credit, *see, e.g., Roberts v. U.S. Homes Corp.,* 694 S.W.2d 129 (Tex. App.—San Antonio 1985, no writ), loss for improvements made, *see Village Mobile Homes, Inc. v. Porter,* 716 S.W.2d 543 (Tex.App.—Austin 1986, writ ref'd n.r.e.), interest on indebtedness, *Kold–Serve Corp. v. Ward,* 736 S.W.2d 750 (Tex.App.—Corpus Christi 1987), *writ dism'd, Ward v. Kold–Serve Corp.,* 748 S.W.2d 227 (Tex. 1980), and related and reasonably necessary expenses. *Kish,* 692 S.W.2d at 466. In order to be recoverable, however, consequential damages must be specifically pled. Tex.R.Civ.P. 56. *See generally, Weingartens, Inc. v. Price,* 461 S.W.2d 260, 263 (Tex.Civ.App.—Houston [14th Dist.] 1970, writ ref'd n.r.e.).

Bynum specifically pled for consequential damages of $60,426.00 in lost capital investment. At trial, he presented evidence that he had incurred that amount of damages. This proof is some evidence to support the judgment of the court of appeals affirming the judgment of the trial court.

I do not read the Court's opinion today as departing from the well-settled distinction between direct and consequential damages. Because I do not read the opinion as articulating the distinction, however, I write separately.

GONZALEZ, J., joins in this concurring opinion.

HECHT, Justice, dissenting.

I agree with Justice CORNYN, for the reasons stated in his dissenting opinion, that Bynum failed to show "good cause sufficient to require admission" of his testimony at trial. TEX.R.CIV.P. 215.5. Before excluding the testimony, however, I believe, for reasons that I expressed in *Smith v. Southwest Feed Yards, Ltd.,* 835 S.W.2d 89, 94 (HECHT, J., concurring), that the trial court should have determined whether that sanction was appropriate under *Trans-American Natural Gas Corp. v. Powell,* 811 S.W.2d 913 (Tex.1991). I also join in Chief Justice PHILLIPS' concurring opinion, except that I do not join in the Court's judgment.

CORNYN, Justice, dissenting.

The court affirms the court of appeals' judgment that the trial court did not abuse its discretion when it permitted Douglas Bynum, Jr., a party to the suit, to testify as a fact witness when he was not listed in response to a discovery request for disclosure of potential witnesses. Yet this is a case of more than just momentary oversight or inadvertence of counsel in failing to answer a set of interrogatories; it is a case of repeated, conspicuous disregard of the duty to fully and accurately disclose basic factual information about potential witnesses upon request. For the reasons I recently detailed at length in *Smith v. Southwest Feed Yards, Ltd.,* 835 S.W.2d 89 (Tex.1992), and others that I will explain here, I dissent. I also join the views expressed in the concurring opinion of Chief Justice PHILLIPS relating to damages under the Texas Deceptive Trade Practices Act (DTPA).

On November 3, 1987, Henry S. Miller, Co. (Miller) served Douglas Bynum., Jr., and Starfire Engineering, Inc. d/b/a Tiffany's Hair Service (Bynum) with interrogatories that included the following question:

4. Please state the identity and location (name, address and telephone number) of each potential *party* or witness and of each person, whether or not an expert, who has any knowledge of facts or discoverable matters, whether or not admissible, that are or may be relevant to any issues in this lawsuit.

(Emphasis added). Bynum never responded, either by answer or objection, to the interrogatory.

Miller sought, on at least three occasions before trial, to obtain an answer to his interrogatories, even though he was not

required to seek a court order compelling an answer as a predicate to imposition of sanctions, automatic or otherwise. *See* TEX.R.CIV.P. 215(2). First, the trial court's docket sheet reflects that Miller filed a motion to compel answers to interrogatories, but the record does not indicate whether a ruling on the motion was ever obtained. Second, Miller filed a Motion to Prevent Presentation of Evidence or to Dismiss on June 16, 1988, based on Bynum's failure to respond to the interrogatories and Bynum's failure to participate in a Joint Pretrial Order, required by the trial court's Docket Control Notice. This order compelled a disclosure of witnesses for trial. *See* TEX.R.CIV.P. 166(h)[1]. Although the trial court denied the motion, the court admonished Bynum to respond to the interrogatories. Still, the interrogatories went unanswered. I agree with Miller's counsel when at one point in the proceedings he alleged: "It appears that the Plaintiff believes that he does not have to prosecute this case according to the prerequisites and guidelines of the Texas Rules of Civil Procedure. . . ."

Finally, six days before trial, Miller sought to prevent unnamed witnesses from testifying and to have the case dismissed as a sanction for Bynum's continuing failure to respond to discovery requests and failure to participate in drafting the Joint Pretrial Order, which the trial court denied. At trial, Bynum was only one of five potential witnesses that were not named. In addition to himself, Bynum called three other unlisted fact witnesses and an unlisted expert witness to testify at the trial. The trial court excluded the testimony of each of these unnamed witnesses, except Bynum[2].

When Miller objected to Bynum's testimony at trial on the ground that Bynum was not disclosed in response to repeated discovery requests, Bynum's counsel responded: "They sent us interrogatories. Clearly, I didn't answer them." The trial court summarized his understanding of the operative rules in this area of the law (a correct statement of the law, until now): *"Well, as I understand the current law, it is automatic that he doesn't testify unless you show good cause for not listing him."* The trial court continued: *"[F]urnishing him for deposition and giving testimony does not satisfy the requirement for his being listed in interrogatories."* (emphasis added). Nevertheless, the trial court acceded to Bynum counsel's entreaty to allow Bynum to testify as a fact witness. The trial court agreed to allow Bynum's factual testimony, apparently, because of his status as a "party witness." That status appears to be the sole basis upon which the trial court allowed Bynum's testimony. However, the trial court explicitly found no good cause to permit Bynum to testify as an expert witness[3]. The wall the trial court's ruling erected between admissible factual testimony from Bynum and inad-

---

**1.** Rule 166(h) authorizes the trial court to compel the exchange of a list of direct fact witnesses who will be called to testify at trial, their address, telephone number and the subject of their testimony. This is true despite the fine distinction, long observed by Texas courts, between discovery of the identity of witnesses who will be called to testify at trial per se, and the discovery of persons with knowledge of relevant facts; the former is generally considered privileged work-product while the latter is not. *Employers Mutual Liability Ins. Co. v. Butler*, 511 S.W.2d 323, 324 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.).

**2.** The trial court did allow limited rebuttal testimony by Mrs. Bynum even though she was not named in response to the interrogatory. *But see Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911 (Tex.1992) (counsel's intended use of witness for rebuttal purposes only was not good cause).

**3.** I agree with appellate counsel for Miller, who in oral argument before this court said:

> Since the trial court clearly found no good cause, then we don't get into the question whether or not the trial court abused his discretion in letting him testify. Nothing was said by either Bynum's attorney or the trial court any further as to him testifying in fact witness. No good cause was shown for that other than what was shown as an expert and a logically and reasonably there is no difference, there is no difference between the qualification of a witness, whether it's expert or fact, you list him or don't call him. So, since good cause the court said was not found, we don't get into the question of exercise of discretion.

missible expert testimony proved to be problematic, and eventually collapsed. After Miller's counsel repeatedly objected to questions directed to Bynum as calling for expert testimony, only to have those objections repeatedly overruled, the trial court told Miller's counsel:

> Mr. Svendsen, this is a trial before the Court and I think I can separate expert from fact. It would save you and I a lot of time and we could get this trial over with much quicker if you would just bear with it.

Indeed, the Rule 215(5) makes no distinction between the consequences of failing to disclose the identity of potential party and nonparty witnesses, or between expert and factual testimony. The automatic sanction for noncompliance is the same. Moreover, given the modern trend toward relaxing the traditional restrictions on lay witnesses giving opinion testimony, the thin line separating lay and expert testimony on occasion can become almost invisible. *See* Tex. R.Civ.Evid. 701.

On appeal, Miller renewed his challenge to the admission of Bynum's testimony as a fact witness. Bynum did not challenge the exclusion of his testimony as an expert witness or the exclusion of his other witnesses. The court of appeals affirmed the trial court's admission of Bynum's testimony as a fact witness. The court of appeals held that even though the trial court did not make an express finding of good cause permitting Bynum to testify as a fact witness, Bynum had shown good cause on the record because: (1) Miller had deposed Bynum; and (2) Bynum was a named party to the suit so he would obviously be the principal witness at trial. However, this and other courts have held that the fact that a witness has been deposed before trial does not satisfy the rule's requirement of good cause to permit the testimony of an undisclosed witness over objection. *See Sharp*

*v. Broadway Nat. Bank,* 784 S.W.2d 669, 671–72 (Tex.1990) (per curiam) (finding no good cause despite deposition of witness); *Stiles v. Royal Ins. Co.,* 798 S.W.2d 591, 594–96 (Tex.App.—Dallas 1990, writ denied) (concluding that previous deposition of a witness did not establish good cause absent proper identification in response to a proper inquiry); *Stoll v. Rothchild,* 763 S.W.2d 437, 440 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (disclosing witness' identity in pre-trial summary judgment proceedings and deposition did not constitute good cause).

As to the fact Dr. Bynum was a party, on June 24, 1992, in *Smith v. Southwest Feed Yards, Ltd.,* 835 S.W.2d 89, 94 (Tex. 1992), this court held that there is no party exception to the automatic sanction of Rule 215(5).[4] But only one week after we handed down *Smith,* the court holds that a pretrial deposition *plus* a witness' status as a party equals good cause. Under the court's new formulation, two individually inadequate reasons now combine to equal a positive showing of good cause.

> The court also states that,
> [O]n these facts, *a trial judge certainly has the discretion to impose sanctions* for discovery abuse. Tex.R.Civ.P. 215.3. *However, we cannot say that the trial judge abused his discretion in this case when he allowed Bynum to testify and limited Bynum's testimony to the facts disclosed in the deposition.*

*infra* at 162 (emphasis added). In other words, the court holds that the trial court would have been within his discretion in excluding *or* permitting Bynum's testimony. However, limiting such broad discretion to allow or not allow an undisclosed witness' testimony at trial was a primary motivation for this court's adoption of Rule 215(5) in the first place. This is because such broad discretion destroys counsel's ability to predict who will and who will not

---

**4.** That rule provides:

A party who fails to respond to or supplement his response to a request for discovery shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter, unless the trial court finds that good cause sufficient to require admission exists. The burden of establishing good cause is upon the party offering the evidence and good cause must be shown in the record. Tex.R.Civ.P. 215(5).

be permitted to testify at trial. *Smith,* 835 S.W.2d at 95 (Cornyn, J., dissenting). This rationale also extends to the very real need for counsel to be able to anticipate how a trial court's treatment of an undisclosed witness will be treated on appeal. *Id.* at 98 (citing William W. Kilgarlin, *What to Do With the Unidentified Expert,* 48 TEX.B.J. 1192, 1195 (Nov.1985), which concluded that before the advent of the automatic sanction of exclusion in 1984, "trial courts have been affirmed when they allowed testimony; reversed when they allowed testimony; affirmed when they refused testimony; and, reversed for refusing testimony").

> [S]uch unpredictability and lack of uniformity is a grave disservice to the litigants who we serve and cannot comport with any rational notion of equal justice under the law, or efficient administration of our civil justice system.

*Id.* at 98.

Surely, as we recently reiterated, Miller was entitled to prepare for trial knowing what witnesses Bynum could call. *See Alvarado,* 830 S.W.2d at 914; *Sharp,* 784 S.W.2d at 671. Imagine how puzzled Miller's counsel must have been when none of his efforts proved successful after he (1) propounded a proper discovery request; (2) moved to compel answers; (3) moved to dismiss the case for discovery abuse; (4) moved once again to prevent unnamed witnesses from testifying, to have Bynum's pleadings stricken, and the case dismissed as a sanction for Bynum's continuing failure to respond; and finally (5) sought enforcement of the automatic exclusion for undisclosed witnesses under Rule 215(5). His astonishment at the trial court's repeated unwillingness to enforce our rules of discovery may be surpassed only by his justifiable frustration at this court's tolerance of the discovery abuse demonstrated by this record. I do not know what else Miller's counsel could have done to obtain what should have been his for the mere asking.

While the court fails to mention our recent statement in *Alvarado* that we are not free to disregard the plain language of Rule 215(5) and should not revise the rule by opinion, the court does precisely that. 830 S.W.2d at 915. Judges and practicing lawyers who have to live with and practice by our rules of procedure can only marvel at the court's self-contradiction and inconsistency.

Allowing Bynum's testimony was harmful error because his testimony provided the only evidence of damages. Thus, I would reverse the judgment of the court of appeals and render a take nothing judgment because there is no evidence of damages without Bynum's improper testimony. TEX.R.APP.P. 81(c); *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363, 364 (Tex. 1987); *Mobil Oil Corp. v. Frederick,* 621 S.W.2d 595, 596 (Tex.1981); *National Life and Accident Ins. Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969).

Because the court chooses a different course from that advocated here, it proceeds to address Bynum's damages under the DTPA. On that issue, I agree with the views expressed in Chief Justice PHILLIPS' concurring opinion.