FEDERAL DEPOSIT INSURANCE
COMPANY, Appellant,

v.

MEDIPLEX OF HOUSTON, LTD., a Tex-
as Limited Partnership, Dell Dale Prop-
erties, a Texas General Partnership,
Wayne G. Mulloy, Robert J. Mcamis,
John A. Ward, and Carle C. Mayhew, III,
Appellees.

No. C14–93–01110–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 29, 1994.

Rehearing Overruled Nov. 3, 1994.

Joseph S. Cohen, Houston, for appellant.

Eric G. Carter, Tammy Danberg–Farney, G. Walter Rockwell, Houston, for appellees.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

The Federal Deposit Insurance Company ("FDIC") appeals the decision of the district court to exclude the testimony of three key witnesses, Larry Carstens, David Forbess, and Richard Cones, and rulings related to that decision. Appellants bring twelve points of error. We reverse and remand.

NCNB Texas National Bank sued appellees to collect a deficiency amount owing on two notes after NCNB had foreclosed certain real property pursuant to a deed of trust. NCNB subsequently transferred the notes to the FDIC. The FDIC intervened in the suit to collect the amounts due on the notes.

In March 1993, Mediplex, Dell Dale, Ward, McAmis, and Mulloy propounded a set of interrogatories to the FDIC. In the first question, the interrogatories requested the FDIC to identify each person, by name, address, and phone number, who participated in preparation of the interrogatories. The FDIC responded with the names of witnesses Forbess and Carstens and included their address, but not their phone number. The second interrogatory requested the FDIC to identify each person with knowledge of any relevant facts relating to the transaction that is the basis of the suit. The FDIC again listed the names of Forbess and Carstens, but did not include either an address or phone number.

The fourth question asked the FDIC to identify each person it expected to call as an expert or opinion witness. The FDIC listed the name of Cones, but did not include an address or phone number. The defendants' also propounded a request for production which asked the FDIC to produce any and all reports which had been prepared in connection with the lawsuit. The FDIC produced Cones' report. Cones' address and phone number appeared on the cover of that report.

At trial, appellees argued the witnesses' testimony should be excluded because they had not been fully disclosed in response to their interrogatory questions. Relying on the "automatic exclusion" sanction of Tex. R.Civ.P. 215(5), the district court excluded the testimony.

 In their first eight points of error, appellants challenge the district court's findings that they had failed to properly designate these three witnesses, and argue the trial judge erred and abused his discretion by excluding these witnesses' testimony. In *Stern v. State ex rel. Ansel*, 869 S.W.2d 614, 628 (Tex.App.—Houston [14th Dist.] 1994, writ denied), this Court declined to roboticly apply Rule 215(5). Application of the rule is dependant upon a finding of good cause; absent good cause, the testimony should be excluded. The "good cause" requirement is designed to prevent degeneration of the rule into a procedural trap which would result in trial by ambush—they very thing the rule is intended to eliminate. *Smith v. Southwest Feed Yards*, 835 S.W.2d 89, 91 (Tex.1992); *Henry S. Miller Co. v. Bynum*, 836 S.W.2d 160, 162 (Tex.1992). The Texas Supreme Court has recently made clear that the substance of the entire response must be consid-

ered, not just an incomplete reply to a single interrogatory. *Id.*

■ As regards the testimony of Forbess and Carstens, the FDIC's answer to the first interrogatory identified these two individuals and provided their address. In its answer to the second interrogatory, the FDIC again provided the name of both men. The fact that it omitted the address in the second answer is irrelevant; looking at the entire response, the address of the two men was clearly provided in response to question number one.

■ Appellees complain that the witnesses' phone numbers were not included. Both men, however, were party representatives. As such, appellees were precluded from communicating with them without first obtaining the consent of the attorney representing the FDIC. TEX.R.PROF.COND. RULE 4.02(a); *Cf., City of La Porte v. Prince,* 851 S.W.2d 876, 884 (Tex.App.—Waco 1993, writ granted) (sanctioning approval of withholding city employees' addresses and phone numbers until they ceased employment with city). Moreover, the phone number could have easily been obtained by appellees. We see no way in which failure to include the phone number worked a hardship on appellees, or contributed to surprise.

■ Appellees also argue the witness Carstens did not have personal knowledge to testify and that this was the real reason the court excluded his testimony. We have examined the record and acknowledge this was indeed a ground upon which Appellees objected. The district court, however, ruled only that it was excluding the testimony for the reason that the FDIC did not fully and completely disclose the witnesses under Rule 215(5). Appellees argument in this regard is therefore without merit.

In light of the Supreme Court's holdings in *Smith* and *Bynum,* we find good cause existed to permit Forbess and Carstens to testify. We therefore hold the district court erred and abused its discretion by excluding the testimony of these two witnesses. We turn now to the issues surrounding the identification of Cones.

■ In response to appellees' interrogatories, the FDIC identified Cones as an expert. They did not, however, provide an address or phone number. Nevertheless, the FDIC did reference Cones' expert report in its answer to other subsections of the same interrogatory and stated the report contained information the appellees' had requested. The FDIC provided Appellees with a copy of the report in response to Appellees' request for production, propounded at the same time as the interrogatories. The report included, on its cover, Cones' address and phone number.

Looking at the substance of the FDIC's response, and taking into account the fact they provided appellees with a copy of Cones' report in response to a request for production, and which included Cones' address and phone number, we find good cause existed for allowing Cones to testify. Thus, we hold the district court erred and abused its discretion by excluding this testimony. We are not to be mistaken, however, as holding that failure to fully and completely disclose witnesses may be circumvented by merely showing an absence of surprise, or that the identity of witnesses was known to the opposing party. What sets this case apart is that the information Appellees sought was readily determinable from the discovery responses.

We sustain the FDIC's first eight points of error. We further find that disposition of these points makes our consideration of appellant's remaining points unnecessary. We therefore reverse the judgment of the district court and remand this cause for further proceedings.