Tommy O. DEAN, Appellant,

v.

Billy M. TUTOR, Appellee.

No. 12653.

Court of Civil Appeals of Texas, Austin.

Feb. 22, 1978.

Appellant's Second Amended Motion Rehearing Denied May 17, 1978.

Appellee's Motion for Rehearing Granted May 17, 1978.

Appellant's Motion for Rehearing Denied June 7, 1978.

Robert C. Howell, R. Stephen McNally, Austin, for appellant.

James A. Builta, Lampasas, for appellee.

SHANNON, Justice.

Appellant, Tommy O. Dean, sued appellee, Billy M. Tutor, in the district court of Burnet County for specific performance of a contract for sale of land. Dean sought an order requiring Tutor to accept monthly payments under the contract. Tutor filed a counterclaim in which he alleged that he and Dean entered into a lease agreement for Dean's use of certain heavy equipment and that Dean had defaulted to Tutor's damage. Tutor claimed, as well, that Dean had converted the heavy equipment. After trial to the court, judgment for Tutor was entered. The judgment recited, among other things, that Dean had defaulted on the contract of sale and that the contract was "null and void." The judgment provided that Dean take nothing and that Tutor recover $4,056.48 from Dean for breach of the equipment lease agreement.

Dean went to trial on his original petition in which he claimed that he had made all of the monthly payments, and that before Tu-

tor exercised his claimed right of "rescission" under the contract he failed to make demand for "rescission."

Dean attacks primarily that part of the judgment which denied his plea for specific performance of the contract of sale. The contract of sale is a form real estate sales contract which obviously was completed without the assistance of counsel. The pertinent parts of the contract are set out below:

"2. The purchase price is $15,000.00 payable as follows: $148.70 beginning January 15, 1973, with regular monthly payments of $148.70, for a total period of fourteen (14) years, with no penalty for prepayment.

"Buyer agrees not to re-sell [sic] or lease said premises without payment in full of the above obligation.

"In the event of default of payments (30–60 days past due), said contract will be Null and Void, and Buyer will remove his possessions without delay from the premises aforementioned [sic]."

Dean did not request the court to prepare findings of fact and conclusions of law, and none were prepared or filed. As a result, it is assumed on appeal that the district court found every fact necessary to sustain the judgment if such factual propositions were raised by the pleadings and supported by the evidence, *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950), and the judgment will be affirmed on any theory that finds support in the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962).

The contract provides for forfeiture upon failure of the purchaser to make payment "30–60" days after due date. To have entered the take-nothing judgment, the court must have concluded that the contract terminated for Dean's failure to make payment more than sixty days after a particular payment was due.

Tutor contends, in this connection, that Dean failed to make timely payment in the summer of 1975. With respect to the 1975 occasion, the evidence was Dean tendered

payment for June and July of 1975 on July 17, 1975. On July 17, neither the June nor the July payment was in default. This is so, since the June payment was overdue by thirty-two days and the July payment was overdue by two days. Under the contract, Dean could wait until the sixtieth day after payment date before being in default.

Tutor maintains also that Dean failed to prove payment in October, November, and December, 1974, and that, accordingly, forfeiture occurred sometime before July 17, 1975. Although Dean claims that he made those payments, he failed to produce any receipts for those payments. In entering the take-nothing judgment against Dean, the court must have disbelieved Dean. Accordingly, Dean's failure to make the three payments for more than sixty days, by the terms of the contract, would result in forfeiture unless, as Dean contends in his brief, Tutor waived the right of forfeiture.

■ Dean did not plead waiver, but evidence bearing on waiver, was introduced without objection, and, as a result, waiver was tried by consent. See *Texas Reserve Life Insurance Co. v. Security Title Co.*, 352 S.W.2d 347 (Tex.Civ.App.1961, writ ref'd n. r. e.). All the evidence was that Dean paid and Tutor accepted those payments without complaint from January, 1975 to the summer of 1975. The district court's implied finding that Tutor, by acceptance of late payments, did not waive the right for forfeiture is supported by no evidence.

Tutor, by cross-point, complains that the district court erred in failing to enter judgment for him for Dean's alleged conversion of the leased property. Tutor claims that the undisputed evidence is that Dean converted the equipment by selling it for $7000. In refusing to enter judgment for Tutor in his claim for conversion, the district court had to conclude that either there was no lease agreement or that Dean did not convert the leased equipment.

■ The written lease contract was introduced into evidence. By its terms, Dean obligated himself to pay $1200 each month for twelve months for the use of a "D–7

Cat" and a "933 Cat Loader." Dean tendered evidence going behind the lease contract, but the court sustained Tutor's objection to the tender. With respect to conversion, all the evidence was that Dean sold the leased equipment. We would render judgment for Tutor on his claim for conversion if we could ascertain his damages. Dean's testimony, however, was contradictory concerning the sale price of the "933 Cat Loader." At one time he testified that the sale price for the loader was $3200 and at another time $3500. Because the liability issues were contested, the entire cause for conversion must be remanded. Texas R.Civ.P. 434; *Spiritas v. Robinowitz*, 544 S.W.2d 710 (Tex.Civ.App.1976, writ ref'd n. r. e.); Keith, *Texas Rules of Civil Procedure: Comments on the 1975 Amendments*, 39 Tex.B.J. 229 (1976).

Dean claims error by the district court in entering judgment in favor of Tutor for $4,056.48 for breach of the lease contract. Dean claims that Tutor " . . . was not the true owner at law of the heavy equipment . . . " but instead that Tutor was holding title as a constructive trustee for Dean. It should be noticed that Dean did not plead that Tutor was a constructive trustee. As already stated, Tutor proved up the lease contract. Dean tendered evidence going behind the contract, but upon objection, the court refused to admit the evidence. Tutor proved that Dean breached the lease contract. The point of error is overruled.

That part of the judgment awarding Tutor $4,056.48 for Dean's breach of the lease contract is affirmed. That part of the judgment denying Tutor a recovery on his claim for conversion of the heavy equipment is reversed and judgment is remanded to the district court. That part of the judgment denying Dean specific performance of the contract for sale of the acreage is reversed and judgment is here rendered ordering specific performance of the contract for sale of the acreage.

## ON MOTION FOR REHEARING

We were unable to render judgment for Tutor on his claim for conversion because

we could not ascertain his damages. It is undisputed that Dean sold the "D–7 Cat" for $3,500. With respect to the "933 Cat Loader," however, some evidence was that the sale price was $3,200. Other testimony was that the sale price was $3,500.

Tutor has now filed with the Clerk of this Court a waiver of his claim for conversion in excess of the sum of $6,700.

Accordingly, on motion for rehearing, that part of the district court's judgment awarding Tutor $4,056.48 for Dean's breach of the lease contract is affirmed. That part of the judgment denying Tutor a recovery on his claim for conversion of the heavy equipment is reversed and judgment is here rendered for Tutor for $6,700. That part of the judgment denying Dean specific performance of the contract for sale of the acreage is reversed and judgment is here rendered ordering specific performance of the contract for sale of the acreage.