**JACK CRISWELL LINCOLN–MERCURY INC., Appellant,**

v.

**William Preston HAITH et ux., Appellees.**

**No. 17476.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 1, 1979.

Rehearing Denied Dec. 13, 1979.

Glenn Vickery, Houston, for appellant.

Jefferson & Maley, Carnegie H. Mims, Jr., Houston, for appellees.

EVANS, Justice.

This is a consumer fraud action involving the sale of an automobile. After a non-jury trial, judgment was entered for the plaintiffs. The defendant, an automobile dealer, brings this appeal.

In October, 1977, the plaintiffs purchased a 1977 Mark V Lincoln Continental from the defendant, believing the automobile to be new. During their test drive of the automobile, the plaintiffs noticed that the odometer read 669 miles, but upon making inquiry of the defendant's salesman, they were advised that the true reading was 66.9 miles. The plaintiffs were furnished an odometer mileage statement, prepared by the defendant under federal regulations, which showed the odometer mileage to be 0066 miles. Several days following the sale, the plaintiffs noticed that the last digit on the odometer was not moving with each one-tenth of a mile. After an unsatisfactory telephone conversation with the defendant's salesman, the plaintiffs contacted the fraud division of the police department and subsequently filed this suit.

The trial court found that the defendant had misrepresented the automobile's mileage in violation of the Federal Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 et seq., and the Texas Consumer Fraud & Deceptive Trade Practices Act, § 17.41 et seq., Tex.Bus. & Com.Code Ann., and that the defendant had also violated the Texas Motor Vehicle Installment Sales Act, Article 5069–7.01 et seq., Tex. Rev.Civ.Stat.Ann., by requiring the plaintiffs to purchase credit life and credit health insurance and including the cost of such policies in the retail installment contract without specifying the terms and coverage of the insurance to be provided.

The trial court entered judgment for the plaintiff in the total sum of $13,014.00, such sum representing the amount of $1500.00 awarded as damages for the defendant's violation of the Federal Motor Vehicle Information and Cost Savings Act, the amount of $10,539.00 ($3513.00 trebled) awarded as damages for the defendant's violation of the Texas Consumer Fraud and Deceptive Trade Practices Act, and the amount of $975.00 awarded as attorneys fees. The trial court also found that the plaintiffs were entitled to recover the maximum amount of damages, attorneys fees and court costs for the defendant's violation of the Texas Motor Vehicle Installment Sales Act, but it concluded that a recovery was not authorized under that statute because of the award of damages under 15 U.S.C. § 1981, et seq., and § 17.41 et seq., Tex.Bus. & Com.Code Ann.

The defendant's first three points question the legal and factual sufficiency of the evidence to support the trial court's finding of an intent to defraud under the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981 et seq. This statute, in pertinent part, provides:

§1981. Congressional findings and declaration of purpose

The Congress hereby finds that purchasers, when buying motor vehicles, rely heavily on the odometer reading as an index of the condition and value of such vehicle; that purchasers are entitled to rely on the odometer reading as an accurate reflection of the mileage actually traveled by the vehicle; that an accurate indication of the mileage traveled by a motor vehicle assists the purchaser in determining its safety and reliability; and that motor vehicles moved in the current of interstate and foreign commerce or affect such commerce. It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles and to establish certain safeguards for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers.

§1983. Unlawful devices causing odometer to register mileage other than true mileage driven

It is unlawful for any person to advertise for sale, to sell, to use, or to install or to have installed, any device which causes an odometer to register any mileage other than the true mileage driven. For purposes of this section, the true mileage driven is that mileage driven by the vehicle as registered by the odometer within the manufacturer's designed tolerance.

§1984. Unlawful change of mileage indicated on odometer

It is unlawful for any person or his agent to disconnect reset, or alter the odometer of any motor vehicle with the intent to change the number of miles indicated thereon.

§1988. Disclosure requirements upon transfer of ownership of motor vehicle; promulgation of rules; violations

(a) Not later than 90 days after October 20, 1972, the Secretary shall prescribe rules requiring any transferor to give the following written disclosure to the transferee in connection with the transfer of ownership of a motor vehicle:

(1) Disclosure of the cumulative mileage registered on the odometer.

(2) Disclosure that the actual mileage is unknown, if the odometer reading is known to the transferor to be different from the number of miles the vehicle has actually traveled.

Such rules shall prescribe the manner in which information shall be disclosed under this section and in which such information shall be retained.

(b) It shall be a violation of this section for any transferor to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules.

§1989. Sets forth the extent of civil liability for a violation of the statute:

(a) Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in any amount equal to the sum of—

(1) three times the amount of actual damages sustained or $1,500, whichever is greater; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

■ In enacting § 1981, et seq., it was obviously the intent of Congress to prohibit fraud in the sale of automobiles by altering or tampering with a vehicle's odometer to show other than the actual amount of mileage traveled or by failing to reveal that the odometer did not reflect the actual mileage. In the case at bar it is not contended that the odometer registered other than the actual mileage, and the plaintiffs contend only that the defendant misrepresented the meaning of figures shown on the odometer. Thus, the provisions of § 1981 et seq. do not apply to the facts of this case, and the evidence is insufficient to support a finding of intent to defraud within the contemplation of the statute.

■ In its remaining points of error the defendant contends that the evidence is legally and factually insufficient to support the trial court's finding of damages in the amount of $3315.00 under the Texas Consumer Fraud and Deceptive Trade Practices Act. Under these points the defendant argues that the testimony regarding the automobile's value was improperly premised upon the car being valued as a "used" vehicle.

The defendant contends that the automobile must be considered a "new motor vehicle" under the provisions of the Texas Motor Vehicle Commission Code, which defines a new motor vehicle as one which has not been the subject of a retail sale. Article 4413(36) § 1.03(2) Tex.Rev.Civ.Stat.Ann. The defendant's new car sales manager testified that there would be no difference in value between a 1977 Lincoln Continental Mark V automobile with 66 miles and a similar vehicle with 666 miles if both vehicles were owned by a dealer and were sold on a manufacturer's certificate and covered by a 12,000 mile warranty. He testified that the automobile in question was sold on such a certificate and warranty as a new vehicle.

The trial court was not bound to accept the testimony of the defendant's employee with respect to the value of the automobile in question. The plaintiff's witness testified that he considered an automobile with 660 to be a used vehicle and stated that, in his opinion, a 1977 Lincoln Continental Mark V, equipped with the same options as the subject automobile, had a retail value of $11,050. Thus, there is testimony from which the trier of facts could have determined that such sum represented the automobile's market value at the time of sale.

■ The correct measure of damages in a case of this nature is the difference between the amount actually paid by the defrauded party and the actual market value of the item bargained for at the time of purchase. *Sobel v. Jenkins*, 477 S.W.2d 863 (Tex.1972). The plaintiffs' actual damage in the case at bar was subject to determination by taking the difference between the cash price paid by the plaintiffs for the automobile ($12,517.27) and the cash market value at the time of sale ($11,050.00), resulting in the sum of $1467.27. Under the statute the plaintiffs were entitled to have such amount trebled, so that judgment should have been rendered for the sum of $4,401.81. Under § 17.41 et seq., Tex.Bus. & Com.Code Ann. The trial court's judg-

ment under § 17.41 et seq., in the amount of $10,539.00 is therefore, excessive in the amount of $6,137.19, and its judgment will be modified to provide for a recovery of the sum of $4401.81.

The plaintiffs by cross-point complain that the trial court erred in refusing to grant a recovery of damages based upon its finding of a violation of the Texas Motor Vehicle Installment Sales Act, Article 5069–7.01 et seq., Tex.Rev.Civ.Stat.Ann. Section 8.01(b) of this statute provides:

> (b) Any person who violates this Subtitle or Chapter 14 of this Title by (i) failing to perform any duty or requirement specifically imposed on him by any provision of this Subtitle or Chapter 14 of this Title, or by (ii) committing any act or practice prohibited by this Subtitle or Chapter 14 of this Title, shall be liable to the obligor for a penalty in an amount equal to twice, the time price differential or interest contracted for, charged, or received but not to exceed $2,000 in a transaction in which the amount financed is $5,000 or less, and not to exceed $4,000 in a transaction in which the amount financed is in excess of $5,000 and reasonable attorney's fees fixed by the court.

The defendant has not challenged the trial court's findings of violations under this statute, and the plaintiffs are entitled to the statutory recovery unless precluded by reason of the award of damages under the Deceptive Trade Practices—Consumer Protection Act. That statute specifically provides:

> "The provisions of this subchapter are not exclusive. The remedies provided in this subchapter are in addition to any other procedures or remedies provided for in any other law . . ." § 17.43, Tex. Bus. & Com.Code Ann.

The statutory remedies set forth in the two statutes are not inconsistent or in conflict with one another, and the plaintiffs are entitled to recover under each of the two statutes for the separate violations found by the court. The defendant's cross-point complaining of the trial court's denial of its recovery under the Texas Motor Vehicle Installment Sales Act is therefore granted.

The trial court's judgment is reversed and judgment is here rendered that the plaintiff take nothing with respect to their action based upon the Federal Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981, et seq. The trial court's judgment is modified with respect to the plaintiff's recovery under the Deceptive Trade Practices Consumer Protection Act, § 17.41 et seq., Tex.Bus. & Com.Code Ann., and the Texas Motor Vehicle Installment Sales Act, Article 5069–7.01 et seq., Tex. Rev.Civ.Stat.Ann., so that the plaintiffs are awarded judgment against the defendant in the total sum of $9376.81, such sum representing the award of damages in the amount of $4401.81, under § 17.41 et seq., Tex.Bus. & Com.Code Ann., the award of damages in the amount of $4000.00 under 5069–7.01 et seq., Tex.Rev.Civ.Stat.Ann., and attorneys fees in the amount of $975.00, such total sum to bear interest at the rate of 9% per annum from and after the date of the trial court's judgment.

WARREN and WALLACE, JJ., also sitting.