**JORDAN FORD, INC., Appellant,**

v.

**Dave W. ALSBURY and M. Jayne Alsbury, Appellees.**

**No. 16534.**

Court of Civil Appeals of Texas,
San Antonio.

June 17, 1981.

Peter Susca and Jonathan Yedor, Johnson & Christopher, San Antonio, Albert C. Ross, Arlington, for appellant.

S. Benton Davies, Jr., San Antonio, for appellee.

OPINION

KLINGEMAN, Justice.

This case was brought by David W. Alsbury and wife, M. Jayne Alsbury (Alsbury) against Jordan Ford, Inc. (Jordan Ford) and Diplomat Van Manufacturing Company, Inc. (Diplomat) for statutory relief under the Deceptive Trade Practices—Consumer Protection Act for alleged breach of warranty, both express and implied, by Jordan Ford and Diplomat arising out of a sale of a motor van by Jordan Ford to plaintiffs. Jordan Ford filed its answer and a cross-action against Diplomat. Trial was to the court, without a jury, and judgment entered by the court for plaintiffs from the defendants, jointly and severally, in the sum of $1,179.87, being the actual damages of $393.29 ($375 plus $18.29) trebled, and attorney's fees in the sum of $375. Judgment was entered for Jordan Ford on its cross-action against Diplomat in the sum of

$1,179.87, together with attorney's fees in the amount of $555, plus plaintiff's attorney's fees in the amount of $375. Diplomat has not perfected an appeal and Jordan Ford alone appeals.

Plaintiffs purchased a new van from Jordan Ford in San Antonio. The van had been sent by Jordan Ford to Diplomat in Arlington, Texas, for customizing. It was subsequently returned to Jordan Ford by Diplomat who thereafter sold it to plaintiffs. Shortly after the van was delivered to the plaintiffs they noticed that some of the paint on the van had begun to chip and peel. Plaintiffs then returned the van to Jordan Ford who informed them, allegedly for the first time, that Diplomat was responsible for the paint defects. Negotiations between the plaintiffs, Jordan Ford, and Diplomat ensued and Diplomat suggested to Jordan Ford that plaintiffs get an estimate for the repairs from a local body shop. Mrs. Alsbury did so and got an estimate of $375 which she presented to Jordan Ford. Jordan Ford contacted Diplomat who thought the estimate was excessive and Diplomat said they would do the repairs themselves. Plaintiffs agreed to return the van to Diplomat so long as the van was not driven. Diplomat had the van for about six days and then told plaintiffs that they could not match the paint. The Alsburys demanded that the van be returned to them undriven. The van was returned but allegedly it had been driven, the gas tank was empty, it was dirty and the front end was out of alignment. The plaintiffs were never able to get the paint on the van repaired and brought this lawsuit.

Jordan Ford asserts thirteen points of error, but we deem it necessary only to discuss its points of error pertaining to damages. By such points of error it contends that there was no evidence to support the trial court's finding that the reasonable costs for repairs to the vehicle was $393.29, and that there was no evidence to show the amount of damages sustained by plaintiffs. We sustain these points of error.

■ Ordinarily, in a deceptive trade practice case the proper measure of damages is the difference between the market value of the item as delivered and the market value of the item as contracted for. *Smith v. Kinslow*, 598 S.W.2d 910 (Tex.Civ.App.—Dallas 1980, no writ); *Jack Criswell Lincoln Mercury, Inc. v. Haith*, 590 S.W.2d 616 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.); *Harrison v. Dallas Court Reporting College*, 589 S.W.2d 813 (Tex.Civ. App.—Dallas 1979, no writ); *Valley Datsun v. Martinez*, 578 S.W.2d 485 (Tex.Civ.App.—Corpus Christi 1979, no writ).

■ Cost of reasonable repairs, however, is an acceptable measure of damages. *See Bradley v. Castro*, 591 S.W.2d 304 (Tex.Civ. App.—Fort Worth 1979, no writ). *Harrison v. Dallas Court Reporting College, supra.*

The case before us does not involve the precise question of whether the reasonable cost of repairs is the proper element of damages, but rather whether testimony based on a repair estimate is proper and whether such testimony in the absence of proof of its reasonableness is sufficient for the court to base damages.

It is clear that plaintiffs have suffered some damages and that these damages were proven by the mere showing that there was a defective paint job on the van. Pictures of the parts of the van with peeling and chipped paint were in evidence. What is not so clear is whether the plaintiffs properly proved any damage amount upon which the trial court could sustain a finding. The evidence before the trial court pertaining to the amount of damages consisted of testimony by Mrs. Alsbury that she had, at the request of Jordan Ford, obtained a repair estimate on the van, for the amount of $375. The actual repair estimate, however, was excluded as hearsay evidence. Mrs. Alsbury also testified that she had paid $18.29 to fill the van tank with gasoline after it was returned to plaintiffs from Arlington and such receipt for $18.29 was admitted into evidence. Paul Oates, the service superintendent for Jordan Ford, testified that he suggested that Mrs. Alsbury take the van for an estimate and that the estimate was $375.

■ As stated above, the repair estimate of $375 was offered into evidence but was excluded as hearsay. The witnesses who testified as to the $375 amount were merely stating what the figure was in the estimate. There is no testimony whatsoever that the sum of $375 was a reasonable sum to repair the vehicle.

■ In *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ), a deceptive trade practice case, it was held that a paint shop's estimate, absent testimony that the proposed work was reasonable and necessary, could not have been the basis for any recovery. Testimony that is no more than a recital of a repair estimate and which further states nothing with regard to reasonableness and necessity, is no evidence of any damages amount. *See Bradley v. Castro*, 591 S.W.2d 304 (Tex.Civ.App.—Fort Worth 1979, no writ); *Frost National Bank v. Kayton*, 526 S.W.2d 654 (Tex.Civ.App.—San Antonio 1975, writ ref'd n. r. e.); *Hyatt v. Tate*, 505 S.W.2d 373 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

■ The award of damages by the trial court based upon the $18.29 gas bill is also improper because it is unrelated to the proper measure of damages. It is neither based on the difference in market value measure nor the cost repair measure.

Under the record, there is no competent evidence as to the amount of damages and no evidence that the sum of $375 is a reasonable and necessary amount for the repairs to the vehicle. Because of such error, this case must be reversed.

■ In view of our holding that the case must be reversed and remanded as to the damages, we must order the entire case retried. Rule 434 of the Texas Rules of Civil Procedure provides that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested. Since the damages in the case are the reasonable costs of repair, the damages are unliquidated. *See Bradley v. Castro, supra; Dean v. Tutor*, 566 S.W.2d 301 (Tex.Civ. App.—Austin 1978, no writ).

In view of our holding herein, we do not deem it necessary to discuss appellant's other points of error.

The case is reversed and remanded for a new trial as to all issues.