Richard McDANIEL, Individually and d/b/a Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B & R Roofing, Appellant,

v.

Benny BENNETT and Wife, Mary Bennett, Appellees.

No. 07–06–0250–CV.

Court of Appeals of Texas, Amarillo.

April 30, 2008.

Concurring and Dissenting opinion on Denial of Rehearing June 20, 2008.

---

Harold H. Pigg, Law Office of Harold H. Pigg, Lubbock, for Appellant.

James C. Fling, Adkins & Fling, Shamrock, for Appellee.

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

## MEMORANDUM OPINION

JAMES T. CAMPBELL, Justice.

This is a restricted appeal from a post-answer default judgment granted against appellant, Richard McDaniel, individually and d/b/a Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B & R Roofing ("McDaniel"), and in favor of appellees, Benny Bennett and his wife Mary Bennett. Finding the Bennetts' evidence of damages was legally insufficient, we will reverse and render judgment.

In their suit, the Bennetts alleged McDaniel failed to properly perform agreed repairs to the roof of their home, and asserted claims of violation of the Texas Consumer Protection–Deceptive Trade Practices Act,[1] breach of contract, breach of implied warranty to repair in a good and workmanlike manner, and fraud. The Bennetts sought actual damages of $7,500 as well as additional damages, exemplary damages, and attorney's fees.

The case was tried to the court. Although McDaniel had filed an answer,[2] when the case was called for trial he did not appear. The Bennetts presented their evidence through the testimony of Mary

---

1. Tex. Bus. & Comm.Code Ann. § 17.41 *et seq.* (Vernon 2002 & Supp.2007) (hereinafter, "DTPA").

2. The concurring and dissenting opinion takes the position this is a no-answer default case as to Richard McDaniel, Inc. Neither party has suggested that the answer appearing in the record was filed only on behalf of McDaniel individually. At trial and on appeal, the parties have treated the case as a post-answer default as to both defendants.

Bennett. The trial court found for the Bennetts on their theories and signed a judgment labeled "Default Judgment" awarding them actual damages of $7,500, exemplary damages of $10,000 and attorney's fees of $1,500.

McDaniel filed this restricted appeal. Tex.R.App. P. 30. He presents two issues on appeal. By his first issue, he argues there was no evidence he received notice of the trial setting. In his second issue, he challenges the legal and factual sufficiency of the evidence supporting each of the Bennetts' theories of recovery as well as the awards in their favor of exemplary damages and attorney's fees.

 We turn first to McDaniel's legal sufficiency challenge because if this issue is sustained we are required to render judgment in McDaniel's favor. *See Horrocks v. Texas Dep't of Transp.*, 852 S.W.2d 498, 499 (Tex.1993) (*citing National Life & Accident Ins. Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex.1969)). A restricted appeal may include review of legal and factual sufficiency claims. *Norman Communications v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997) (applying prior rule).

 In determining the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable fact-finder could, and disregarding contrary evidence unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 809 (Tex. 2005). If more than a scintilla of evidence supports the challenged finding it will be upheld. *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499, (Tex.1995); *see also City of Keller*, 168 S.W.3d at 813–14. More than a scintilla of evidence exists if the evidence supporting the finding, as a whole, "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Burroughs*, 907 S.W.2d at 499 (*quoting Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex.1994)); *see also City of Keller*, 168 S.W.3d at 822.

 When the defendant fails to appear at trial after filing an answer, the plaintiff shoulders the burden of proof on each element of its case because a defendant admits nothing by making a post-answer default. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex.1979). A post-answer default constitutes neither an abandonment of the defendant's answer nor an implied confession of any issues thus joined by the defendant's answer. Judgment cannot be entered on the pleadings; rather, the plaintiff in such cases must offer evidence and prove its case. *Id.; Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 872–73 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

Thus, for each theory of recovery they alleged, it was for the Bennetts to offer sufficient evidence of actual damages. McDaniel argues the Bennetts introduced no competent evidence of actual damages. We agree. As noted, Mrs. Bennett was the trial witness. The only evidence in the record bearing on damages comes from her testimony. In response to leading questions, she agreed that McDaniel used "excessively long nails" driving them "anywhere from an inch to two inches" through the roof decking with such force that "it broke the boards and the decking underneath the roofing material." She also agreed that the roof would "ultimately" leak without replacement of the decking. There also was testimony of a repair estimate the Bennetts obtained.

Q. But his—his estimate was for 70— approximately 72 or $7300.00, wasn't it—

A. Yes, sir.

Q.—to replace the actual decking underneath the roof and you're going to actually have to replace the roofing material to do that; is that correct?

A. Yes, sir.

The repair estimate does not appear in the record.

The other mention of actual damages occurred through the following exchange between Mrs. Bennett and counsel.

Q. And we've alleged that you've got-you received actual damages of $7500.00 to repair—

A. Yes, sir.

Q.—this roof?

■ The Bennetts sought the cost to repair their roof. A party seeking damages measured by the cost of repair must present competent evidence justifying a finding by the trier of fact that the repairs are necessary to restore the property to its former condition and that the cost of repairs is reasonable and fair. *Executive Taxi/Golden Cab v. Abdelillah,* No. 05–03–01451–CV, 2004 WL 1663980 at *1, 2004 Tex.App. Lexis 6422 at *3 (Tex.App.-Dallas July 19, 2004, pet. denied) (mem.op.); *Liptak v. Pensabene,* 736 S.W.2d 953, 958 (Tex.App.-Tyler 1987, no writ). A witness need not utter the words "reasonable" and "necessary" so long as sufficient evidence exists for the trier of fact to conclude that the repairs are necessary and the cost is reasonable. *Abdelillah,* 2004 WL 1663980 at *1, 2004 Tex.App. Lexis 6422 at *3; *Ron Craft Chevrolet, Inc. v. Davis,* 836 S.W.2d 672, 677 (Tex.App.-El Paso 1992, writ denied); *Carrow v. Bayliner Marine Corp.,* 781 S.W.2d 691, 694 (Tex.App.-Austin 1989, no writ). However, an estimate without the testimony of the person who created the estimate or other expert testimony is no evidence of the necessity of the repair or the reasonableness of the cost of the repair. *Abdelillah,* 2004 WL 1663980 at *1, 2004 Tex.App. Lexis 6422 at *3; *Jordan Ford, Inc. v. Alsbury,* 625 S.W.2d 1, 3 (Tex.Civ.App.-San Antonio 1981, no writ).

Like in *Abdelillah,* the evidence of the cost of repairs here consisted only of Mrs. Bennett's summation of an absent person's estimate. *Abdelillah,* 2004 WL 1663980 at *1, 2004 Tex.App. Lexis 6422 at *3. Further, she did not address necessity or reasonableness. Accordingly, we must conclude the Bennetts presented legally insufficient proof of any actual damages.

■ The Bennetts pleaded for DTPA additional damages and exemplary damages and the court awarded them exemplary damages of $10,000.

■ The recovery of actual damages is a necessary predicate to recovery of exemplary damages. *See Safeway Managing Gen. Agency for State & County Mut. Fire Ins. Co. v. Cooper,* 952 S.W.2d 861, 869–70 (Tex.App.-Amarillo 1997, no writ) (*citing Travelers Indem. Co. v. Fuller,* 892 S.W.2d 848, 852 (Tex.1995)). In the absence of any evidence of actual damages, there was, therefore, no basis for the trial court's award of exemplary damages and it erred in awarding such damages.

■ The court also awarded the Bennetts attorney's fees for their claims of breach of contact and violations of the DTPA. *See* Tex. Civ. Prac. & Rem.Code Ann. § 38.001 *et seq.* (Vernon 1997) (contract), Tex. Bus. & Comm.Code Ann. § 17.50(d) (Vernon Supp.2007) (DTPA). However, because the Bennetts were not entitled to recover actual damages they were also not entitled to recover attorney's fees under the statutes plead. *See Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex.1997) ("[t]o recover attorney's fees under Section 38.001, a party must (1)

prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages."); Tex. Bus. & Comm. Code Ann. § 17.50(d) (Vernon Supp.2007) (a prevailing consumer shall recover reasonable and necessary attorney's fees); *Guzman v. Ugly Duckling Car Sales of Tex., L.L.P.*, 63 S.W.3d 522, 525–26 (Tex. App.-San Antonio, pet. denied) (absent an award of actual damages attorney's fees cannot be recovered under the DTPA). The trial court erred in awarding the Bennetts attorney's fees.

Finding no evidence of actual damages and as an award of actual damages is an essential predicate for an award of exemplary damages as well as attorney's fees under the statutes relied upon by the Bennetts, we sustain the legal insufficiency ground of McDaniel's second issue. It is thus unnecessary for us to consider McDaniel's first issue and the factual insufficiency ground raised under his second issue. Tex.R.App. P. 47.1. We reverse the judgment of the trial court and render judgment that the Bennetts take nothing.

PIRTLE, J., concurring and dissenting.

PATRICK A. PIRTLE, Justice, concurring and dissenting.

Upon consideration of Bennett's *Motion for Rehearing* and McDaniel's *Response of Appellant to Appellees' Motion for Rehearing,* for the purpose of clarification and correction as to the appropriate disposition, I withdraw my opinion of April 30, 2008, and substitute the following concurring and dissenting opinion.

There is much in the Court's majority opinion with which I agree. I agree that at trial it was the Bennetts' burden to produce competent proof of their actual damages. I further agree that, when seeking to recover damages based upon a cost of repair theory in a breach of contract context, it was their burden to prove

that the repairs were both reasonable and necessary to restore the property to the condition that it would have been had the defaulting party not breached the contract. And, while I join the majority's conclusion that the evidence offered by the Bennetts did not meet this threshold requirement, I do not believe this conclusion mandates that we render a take nothing judgment and, therefore, respectfully dissent.

### Richard McDaniel, Inc.

In McDaniel's response to Bennett's motion for rehearing, McDaniel takes the position that the corporate entity, Richard McDaniel, Inc., was not a party to this proceeding. McDaniel's response states, "[t]he cause of action asserted by [the Bennetts] was merely a suit against an individual, acting individually and under various assumed names. The corporate entity was not and is not sued as a separate legal entity, and the individual, RICHARD McDANIEL, was the only named party in the suit." This position is inconsistent with the record. The Bennetts' original petition specifically named Richard McDaniel, Inc. as a separate defendant; the citation was issued as to Richard McDaniel, Individually and *as registered agent for Richard McDaniel, Inc.* d/b/a B.R. Roofing a/k/a B & R Roofing; and, the judgment itself refers to a judgment against the defendants in the plural. Therefore, the judgment in question is a no-answer default judgment as to the corporate defendant, Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B & R Roofing.

When a no-answer default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except the amount of damages. *Swinnea v. Flores*, No. 07–07–0060–CV, 2008 WL 1848203, at *2 (Tex. App.-Amarillo, April 25, 2008, no pet. h.). Therefore, as to all liability issues, the

Bennetts are entitled to a default judgment against Richard McDaniel, Inc., d/b/a B.R. Roofing, a/k/a B & R Roofing.

As previously stated, I concur with the majority opinion's conclusion that the Bennetts did not sustain their burden of establishing their unliquidated damages. When an appellate court sustains a legal sufficiency point after an uncontested hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is not the rendition of a take-nothing judgment, but rather a remand for a new trial on the issue of unliquidated damages. *Holt Atherton Industries v. Heine,* 835 S.W.2d 80, 86 (Tex.1992). Therefore, as to the defendant, Richard McDaniel, Inc., I would affirm the liability judgment and remand for a new trial on the issue of unliquidated damages.

### Richard McDaniel, Individually

With respect to Richard McDaniel, individually, I agree with the majority that in a post-answer default judgment situation the failure of the defendant to appear does not constitute an abandonment of his pleadings, nor does it amount to an implied confession of liability. However, unlike the majority, I do not believe the Bennetts failed to offer sufficient evidence to support the trial court's liability findings as to their contract cause of action. Therefore, as to their contract cause of action, I would affirm the trial court's liability finding.

I do not believe the Bennetts offered legally sufficient evidence to establish their DTPA cause of action. Therefore, as to their DTPA cause of action, I would reverse the trial court's liability finding and remand for further proceedings in the interest of justice. *See* Tex.R.App. P. 43.3.

When an appellate court finds no evidence supporting an essential element to a cause of action in a post-answer default judgment, rather than render judgment, we are to remand. *See Davis v. McCully,* No. 02–05–00072–CV, 2006 WL 133519, at *1 (Tex.App.-Fort Worth Jan.19, 2006, no pet.); *Raines v. Gomez,* 143 S.W.3d 867 (Tex.App.-Texarkana 2004, no pet.). *See also Holt Atherton Industries v. Heine,* 835 S.W.2d 80, 86 (Tex.1992). Therefore, as to Richard McDaniel, individually, I would affirm the trial court's judgment as to the Bennetts' contract liability issues; reverse and remand as to the Bennetts' DTPA cause of action; and reverse all damage awards and remand the cause to the trial court for further proceedings consistent with this opinion.