Opinion filed July 28, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00190-CV

                                                    __________

 

                               WORTHAM
BROS., INC., Appellant

 

                                                             V.

 

                 EDDIE
HAFFNER AND BETH HAFFNER, Appellees



 

                                   On
Appeal from the 35th District Court

 

                                                           Brown
County, Texas

 

                                                 Trial
Court Cause No. CV0611447

 



 

                                                                  O
P I N I O N

 

            This is an appeal from a bench trial.  Appellees, Eddie and Beth Haffner, filed a DTPA
action against appellant, Wortham Bros., Inc., in connection with roofing jobs performed
by Wortham Bros. on houses owned by the Haffners.  The trial court found in
favor of the Haffners on all issues.   The central issue in this appeal focuses
on the extent that a property owner may testify regarding repairs made to his
or her property in support of a recovery of damages.  We reverse and render on
the basis that there was no competent evidence supporting an award of damages.

Background
Facts

            In
the aftermath of a hailstorm occurring in May 2006, the Haffners contracted
with Wortham Bros. to replace the roofs on three structures that they owned in
Brownwood.  This appeal concerns the work performed on two of these
structures.  These structures included the Haffners’ home located at 2001
Belmeade Drive and a “four-plex” located at 1912 First Street.   We will refer
to these structures by their addresses.  

            The
first roof replacement occurred on 1912 First Street.  The written contract
executed by the Haffners and Wortham Bros. for this structure specified that
the existing roof would be torn off and replaced at a cost of $8,492.41.  Wortham
Bros. subcontracted with Ernest Staton, a roofing contractor from Mansfield, to
perform the work on 1912 First Street.  The Haffners paid Wortham Bros.
$8,492.41 after Staton completed the work on this structure.

            Wortham
Bros. agreed to replace the roof on 2001 Belmeade Drive for $6,420.67. Wortham
Bros. subcontracted with Jessica Rivera to perform the work on this structure.  At
the time that Rivera completed the work on 2001 Belmeade Drive, the Haffners
were dissatisfied with the work performed on both structures.  Accordingly, the
Haffners withheld payment from Wortham Bros. for the roof replacement at 2001
Belmeade Drive.

            Eddie
Haffner testified that the roof on 1912 First Street leaked after Wortham Bros.
replaced the roof on it and that light was visible coming through the roof.  He
testified that the preexisting roof was not torn off as required by the
contract, but was re-covered.  Haffner also testified that the roof on a flat
portion of the structure was not replaced although the contract called for it. 
He further asserted that Wortham Bros. did not check the quality of the decking
as required by the contract.  With respect to the roof replacement at 2001
Belmeade Drive, Haffner testified that he had seven leaks in his home after the
work was performed.  He also was dissatisfied that nails were protruding
through the underneath side of the eaves of his home.  The Haffners were so dissatisfied
with the work performed by Wortham Bros. that they retained another roofing
company a few months later to completely remove and replace the roofs on 1912
First Street and 2001 Belmeade Drive.  The Haffners paid Campbell Construction
and Roofing $12,780 for the new roof on 1912 First Street and $7,500 for the new
roof on 2001 Belmeade Drive.

            Wortham
Bros. added Staton and Rivera as third-party defendants to the action.  Staton
entered an appearance and participated at trial, but Rivera did not.        The
trial court found that Wortham Bros. knowingly engaged in false, misleading, or
deceptive trade practices with respect to 1912 First Street and 2001 Belmeade
Drive in the following respects:  breaching express and implied warranties;
causing confusion or misunderstanding as to the source of services;
representing that goods or services are of a particular standard, quality, or
grade when they were of another; representing that work or services had been
performed when they had not been performed; representing that parts had been
replaced when they had not been replaced; and knowingly engaging in
unconscionable conduct.

            The
trial court determined that the Haffners incurred actual damages of $14,836.19
for 1912 First Street and $4,317.30 for 2001 Belmeade Drive for a total amount
of actual damages of $19,153.49.  Based upon its determination that Wortham
Bros.’s conduct was committed knowingly, the trial court trebled the damage
amount recoverable by the Haffners from Wortham Bros. to $57,460.47.

            The
trial court additionally entered findings attributing the percentage of
responsibility for damages between Wortham Bros., Rivera, and Staton.  With
respect to the damages for 2001 Belmeade Drive, the trial court attributed
sixty percent responsibility to Wortham Bros. and forty percent to Rivera.  The
trial court granted Wortham Bros. judgment against Rivera for $1,726.92 for
2001 Belmeade Drive based upon this determination.  With respect to the damages
for 1912 First Street, the trial court attributed sixty percent responsibility
to Wortham Bros., thirty percent to Staton, and ten percent to Rivera.  Accordingly,
the trial court additionally granted Wortham Bros. judgment against Staton for
$4,450.86 and against Rivera for $1,483.62 for 1912 First Street.

Issues

            Wortham
Bros. raises four issues on appeal.  It asserts in its first issue that there
is legally insufficient evidence to support the award of damages.  In its
second issue, Wortham Bros. challenges the mathematical calculations used by
the trial court to determine actual damages.   In its third issue, Wortham
Bros. challenges the legal sufficiency of the evidence to support the trial
court’s finding that its conduct was committed knowingly.  Wortham Bros.
asserts in its fourth issue that the trial court erred in trebling the entire
amount of actual damages instead of only sixty percent as determined by the
trial court in apportioning responsibility between Wortham Bros., Staton, and
Rivera.  As set forth below, we conclude that the first issue is meritorious.   Accordingly,
we need not address the remaining issues because the first issue is dispositive
of the entire case.  

Standard
of Review

A trial court’s findings of fact in a bench trial are reviewed for legal and factual sufficiency
under the same standards used to review a jury’s verdict on jury questions.  Kennon v.
McGraw, 281 S.W.3d 648, 650 (Tex. App.—Eastland 2009, no pet.).  When an
appellant attacks the legal sufficiency of an adverse finding on an issue for
which it did not have the burden of proof, it must demonstrate that there is no
evidence to support the adverse finding. Croucher v. Croucher, 660
S.W.2d 55, 58 (Tex. 1983).  In considering a legal sufficiency challenge, we
review all the evidence in the light most favorable to the prevailing party and
indulge every inference in its favor.  City of Keller v. Wilson, 168
S.W.3d 802, 822 (Tex. 2005). We must credit any favorable evidence if a
reasonable factfinder could and disregard any contrary evidence unless a
reasonable factfinder could not.  Id. at 821-22, 827.  We may sustain a
legal sufficiency challenge only when (1) the record discloses a complete
absence of evidence of a vital fact, (2) the court is barred by rules of law or
evidence from giving weight to the only evidence offered to prove a vital fact,
(3) the only evidence offered to prove a vital fact is no more than a mere
scintilla, or (4) the evidence conclusively establishes the opposite of a vital
fact. Id. at 810; Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997).

Evidence of Damages

The
Haffners predicated their damage claims on the recovery of their repair costs. 
Specifically, they asserted that the repairs performed by or on behalf of
Wortham Bros. were essentially worthless and that they were entitled to recover
the money they paid to Wortham Bros., as well as the money they paid for
Campbell Construction and Roofing to replace the work performed by Wortham
Bros., less their insurance recoveries for hail damage.  The trial court
employed this methodology in calculating actual damages.[1] 
Wortham Bros. asserts that the Haffners’ evidence of repair costs was legally
insufficient because it was not supported by expert testimony.  We agree.

At
the outset of trial, Wortham Bros. presented a motion in limine seeking to
exclude any expert testimony on the basis that the Haffners did not designate
any experts in discovery with the exception of an expert on attorney’s fees. 
The Haffners responded by asserting that they were entitled to testify as
property owners about the condition of their property.  The trial court ruled
that it would not permit any fact witnesses to offer expert testimony other
than the Haffners “because they are the owners of the property in issue.”  The
case proceeded to trial in accordance with this pretrial ruling. The Haffners
did not offer any expert testimony pertaining to the necessity of the
subsequent repairs or the reasonableness of the charges assessed by Campbell. 
Through their own testimony, the Haffners presented evidence of the costs of
repairs charged by Wortham Bros. and Campbell Construction and Roofing to
support their claim for damages.   

A
party seeking to recover damages measured by the cost of repair must present
competent evidence so that the trier of fact is justified in finding that the
repairs are necessary to restore the property to its former condition and that
the cost of repairs is reasonable and fair.  See Hernandez v. Lautensack,
201 S.W.3d 771, 776-77 (Tex. App.—Fort Worth 2006, pet. denied); Ebby
Halliday Real Estate, Inc. v. Murnan, 916 S.W.2d 585, 589 (Tex. App.—Fort
Worth 1996, writ denied); Liptak v. Pensabene, 736 S.W.2d 953, 958 (Tex.
App.—Tyler 1987, no writ).   The magic words “reasonable” and “necessary” need
not be used as long as there is sufficient evidence for the trier of fact to
conclude that the repairs are necessary and the cost is reasonable. Ron
Craft Chevrolet, Inc. v. Davis, 836 S.W.2d 672, 677 (Tex. App.—El Paso
1992, writ denied); Carrow v. Bayliner Marine Corp., 781 S.W.2d 691, 694
(Tex. App.—Austin 1989, no writ).

Some
courts have held that evidence pertaining to the necessity and reasonableness
of repair costs falls within the exclusive domain of an expert.  See Legacy
Motors, LLC v. Bonham, No. 02-07-00065-CV, 2007 WL 2693863, at *4 (Tex. App.—Fort
Worth Sept. 13, 2007, no pet.) (mem. op.); Ha v. W. Houston Infiniti, Inc.,
No. 01-94-00884-CV, 1995 WL 516993, at *2 (Tex. App.—Houston [1st Dist.] Aug.
31, 1995, writ denied) (op. on reh’g) (not designated for publication); see
also Executive Taxi/Golden Cab v. Abdelillah, No. 05-03-01451-CV, 2004 WL
1663980, at *1 (Tex. App.—Dallas July 19, 2004, pet. denied) (mem. op.) (stating
that an estimate without the testimony of the person making the estimate or other
expert testimony is no evidence of the necessity of the repair or the
reasonableness of the costs of the repair) (citing Jordan Ford, Inc. v.
Alsbury, 625 S.W.2d 1, 3 (Tex. Civ. App.—San Antonio 1981, no writ)).  As a
general rule, matters involving specialized or technical knowledge require
expert testimony.  See FFE Transp. Servs., Inc. v. Fulgham, 154 S.W.3d
84, 90-91 (Tex. 2004).   The necessity of subsequent, total roof replacements
performed immediately after the work performed by and on behalf of Wortham
Bros. and the reasonableness of the cost of the subsequent roof replacements
are matters of a specialized and technical nature.  Accordingly, we conclude
that expert testimony was required to establish the necessity and
reasonableness of the subsequent roof replacements.  

We
disagree with the trial court’s determination that the Haffners’ status as property
owners qualifies them to offer an opinion on the necessity and reasonableness
of repair costs.   Under the “Property Owner Rule,” a property owner is generally qualified to testify as to the value of his or her property even if he or
she is not an expert and would not be qualified to testify as to the value of
other property.  Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food
Stores, Ltd., 337 S.W.3d 846, 852-53 (Tex. 2011); see Porras v. Craig,
675 S.W.2d 503, 504 (Tex. 1984).  This rule is based on the presumption that an
owner will be familiar with his or her own property and know its value.  Reid
Road Mun. Util. Dist. No. 2, 337 S.W.3d at 853.  This presumption does not
extend to the reasonable cost of repairing the owner’s property particularly
when those repairs are of a technical or specialized nature.

            The
Haffners presented a great deal of evidence to support the trial court’s
findings that the roof repairs performed by or on behalf of Wortham Bros. were
deficient.  Thus, the record contains evidence of the necessity of some subsequent
repairs.  However, there is no expert testimony that the roofing work by
Wortham Bros. had to be completely removed and replaced.  Furthermore, there is
no competent evidence of the reasonableness of the costs of the subsequent
roofing work performed by Campbell Construction and Roofing.  In this regard,
the Haffners’ testimony regarding the costs of the subsequent roofing work does
not constitute evidence of the reasonableness of those costs.  

            The
Haffners cite McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986),
for the proposition that a factfinder can form its own opinion on damages based
upon its own experience and common experience.  An expert in McGalliard
testified that the cost necessary to sufficiently repair a home would be
$113,088.31.  722 S.W.2d at 696.  However, the trial court, sitting as the
factfinder, only awarded actual damages of $12,500.  Id. at 695.  The
intermediate court of appeals modified the trial court’s damage award to
$113,088.31 on the basis that the expert’s damage testimony was
uncontroverted.  Id. at 696.  The supreme court reversed the
intermediate court of appeals on the rationale that expert testimony does not
establish any material fact as a matter of law even if the expert testimony is
uncontroverted.  Id. at 697.  The supreme court held that the trier of
fact is afforded considerable discretion in evaluating opinion testimony from
an expert on the issue of damages.  Thus, the holding in McGalliard
applies to a situation where the factfinder awards a lesser amount of damages
than indicated by the evidence.  It does not stand for the proposition that the
factfinder may award damages for the cost of repairs based upon its own experience
and knowledge in the absence of competent evidence of damages.[2] 


            The
Haffners cite Terminix Int’l, Inc. v. Lucci, 670 S.W.2d 657, 664 (Tex. App.—San Antonio
1984, writ ref’d n.r.e.), in support of their contention that a homeowner may
testify as to the reasonable cost of home repairs.  The repairs at issue in Terminix
constituted $50 for supplies used to make stop-gap, remedial repairs in the
face of termite damage.  670 S.W.2d at 664.  De minimis repairs of this
nature are much different than the replacement of two recently installed roofs
at a cost of several thousand dollars.

            Lastly,
the Haffners contend that David Wortham of Wortham Bros. testified that the
repair costs charged by Campbell Construction and Roofing were reasonable.   We
disagree with this reading of Wortham’s testimony.  The Haffners’ attorney
first asked Wortham if the amounts charged by Wortham Bros. were “fair and
reasonable.”  Wortham replied to this question by stating:  “All I can answer
is that it was per contract.”  Counsel then asked Wortham if the amounts
charged by Campbell Construction and Roofing were fair and reasonable.  Wortham
responded on multiple occasions that it would be hard for him to evaluate the
amounts charged by Campbell Construction and Roofing because of the increased
costs of roofing materials.  In one instance, counsel asked Wortham if the
amounts charged by Campbell Construction and Roofing “run the same as what your
bid is, then you would assume it to be a fair price because you guys would not
be charging something that is not fair, would you?”  Wortham replied by
saying:  “I will go with that.”  This statement is simply too vague and
indefinite to constitute evidence of the reasonableness of the repair costs
charged by Campbell Construction and Roofing.

            In
the absence of evidence regarding the necessity of the subsequent, total roof
replacements and the reasonableness of their costs, there is no evidence to
support the trial court’s finding of actual damages.  Appellant’s first issue
is sustained.  As noted previously, we need not address the remaining issues
because of our disposition of the first issue.

This
Court’s Ruling

             The
judgment of the trial court is reversed, and judgment is rendered in favor of
Wortham Bros., Inc.

            

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

July 28, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]









[1]As
noted previously, the trial court’s method of calculating actual damages is an
issue on appeal.  In light of our holding, we express no opinion on the trial
court’s methodology for determining damages in this case.





[2]We are mindful of the statement made by the Texas
Supreme Court in McGalliard wherein the court stated:  “We do not
believe the subject of house repairs to be one for experts or skilled witnesses
alone.”  722 S.W.2d at 697.  This statement must be read in the context of the
facts in McGalliard as set forth above.





[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.